[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16569
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-60152-CV-CMA

WANDA KRUPSKI,
a single person,

Plaintiff-Appellant,

versus

COSTA CRUISE LINES, N.V., LLC,
d.b.a. Costa Cruise Lines,
a foreign corporation (Netherland Antilles),

Defendant,

COSTA CROCIERE, SPA,
a foreign corporation (Italy),

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 22, 2009)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Wanda Krupski ("Krupski") appeals the district court's grant of summary judgment[1] in favor of Costa Crociere, S.p.A. ("Costa Crociere"), the carrier/vessel operator of a cruise ship aboard which Krupski allegedly suffered an injury. After review, we affirm.

## I. BACKGROUND

In January 2007, Krupski's South Carolina-based travel agent booked a cruise for Krupski, a Michigan resident, through Costa Cruise Lines N.V., LLC ("Costa Cruise") in Hollywood, Florida. The travel agent received from Costa Cruise Krupski's "Travel Documents," which listed Costa Cruise's Florida address on the second page. Krupski also received an eleven-page passenger ticket containing "General Conditions of Passenger Ticket Contract" ("the Ticket"), which required that any suit be filed within one year of the date of any alleged injury. The term "Carrier" was defined to include Costa Crociere, various agents onboard the vessel, and the ship's manufacturer. On February 18, 2007, Krupski

---

[1] Costa Crociere sought dismissal of the action pursuant to Rules 12(b)(6), 15, and 56, Federal Rules of Civil Procedure. Because the parties recognized and treated the motion as one for summary judgment, the district court afforded the parties the opportunity to present all material pertinent to the motion as required by Rule 12(d) and considered the motion as one for summary judgment.

departed from Fort Everglades, Florida, aboard the cruise ship Costa Magica. Three days later, Krupski allegedly tripped over a camera cable in the ship's theater and suffered a fractured femur.

By letter of July 2, 2007, Krupski's counsel provided notice of the injury to Costa Cruise in Hollywood, Florida. In response, Krupski's counsel received a letter from the Claims Administrator for Costa Cruise seeking additional information for pre-suit settlement purposes. After unsuccessful pre-suit settlement efforts, Krupski sued Costa Cruise. One year and four days after Krupski's alleged injury, Costa Cruise answered, stating that it was merely the North American sales and booking agent for the carrier/vessel operator, Costa Crociere. The district court entered orders allowing Krupski to amend her complaint, adding Costa Crociere as a party and dismissing the suit against Costa Cruise. Represented by the same law firm as Costa Cruise, Costa Crociere moved to dismiss, arguing that it had been sued after the one-year period allowed for claims as set forth in the Ticket, and that the Amended Complaint did not "relate back" under Rule 15(c)(1)(C), Federal Rules of Civil Procedure. Krupski appeals the dismissal, contending that her failure to sue Costa Crociere was merely the result of "mistake" as contemplated by Rule 15(c).

## II. STANDARDS OF REVIEW

3

We review a district court's grant of summary judgment *de novo*. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). We review a district court's application of Rule 15(c) for abuse of discretion but review findings of fact necessary for application of the Rule for clear error. *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004) (citation omitted).

## III. DISCUSSION

Rule 15(c) provides, in pertinent part, that an amended pleading "relates back" to the date of the original pleading when:

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Because the parties agreed that Rule 15(c)(1)(B)'s requirement had been satisfied, the dispute focused on the criteria set forth in Rule 15(c)(1)(C)(i) and (ii)—whether Costa Crociere "received such notice of the action that it will not be

4

prejudiced in defending on the merits," and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." The district court found that Costa Crociere met Rule 15(c)(1)(C)(i)'s requirement, having received timely constructive notice of the suit based on its sufficient "identity of interest" with Costa Cruise and their shared counsel. However, the district court granted Costa Crociere's motion on the basis that there was no "mistake," under the meaning of the rule, in failing to name Costa Crociere earlier.

"The purpose of Rule 15(c) is to permit amended complaints to relate back to original filings for statute of limitations purposes when the amended complaint is correcting a mistake about the identity of the defendant." *Powers v. Graff*, 148 F.3d 1223, 1226 (11th Cir. 1998) (citation omitted). However, mere lack of knowledge of the proper party is not enough. *See id.* at 1226-27. "Nothing in [Rule 15(c)] or in the [Advisory Committee] Notes indicates that the provision applies to a plaintiff who was fully aware of the potential defendant's identity but not of its responsibility for the harm alleged." *Id.* at 1227 (internal quotations omitted). "Even the most liberal interpretation of 'mistake' cannot include a deliberate decision not to sue a party whose identity [the] plaintiff knew from the outset." *Id.* (internal quotations and citation omitted).

Using February 21, 2007 as the date of Krupski's alleged injury, Costa Crociere concedes that Krupski brought her original action against Costa Cruise within the one-year period. The determinative question is whether Krupski's suit against Costa Cruise rather than Costa Crociere was the result of a "mistake concerning the proper party's identity" as contemplated by Rule 15(c)(1)(C). Krupski concedes that if suing Costa Cruise, and not Costa Crociere, was a deliberate choice, no "mistake" occurred and the suit against Costa Crociere is time-barred. (Reply Br. at 2). According to Krupski, numerous "Costa" corporations exist and she always intended to sue the correct party.

Krupski's core argument is that the district court based its conclusion that Costa Crociere was known to Krupski all along because of information provided by Costa Cruise in its Answer, Corporate Disclosure Statement, and Summary Judgment Motion, which conclusion was erroneous because Costa Cruise filed all of those documents after the one-year limitations period expired. Undisputed, however, is that Krupski kept her Ticket and furnished it to counsel shortly after her alleged injury. Costa Crociere, not Costa Cruise, was clearly identified in the Ticket's definition of "Carrier." The identity and knowledge of Costa Crociere as a potential party shortly after the alleged injury, therefore, must be imputed to Krupski and her counsel. Indeed, Krupski conceded before the district court that

6

under the plain language of the Ticket, Costa Cruise could not be the Carrier. We agree with the district court that this is not a case about simple mistake of identity or misnomer—to the contrary, Krupski chose to sue one potential party and not another even though the identity of both was known to her. *See Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999) (citation omitted) (Rule 15(c)'s mistake proviso is included "to resolve 'the problem of a misnamed defendant' and allow a party 'to correct a formal defect such as a misnomer or misidentification'"), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).

Yet even assuming that she first learned of Costa Crociere's identity as the correct party from Costa Cruise's Answer (filed on February 25, 2008), Krupski failed to seek leave to amend her complaint until June 13, 2008 (133 days after she brought the original action) and did not file her Amended Complaint until July 11, 2008. Krupski offers no reason for this delay, and we expect she knew that the limitations period ran on February 21, 2008. Thus, even viewing the evidence in the light most favorable to her, Krupski fails to show how the district court clearly erred in its fact-finding or abused its discretion in applying Rule 15(c).

## IV. CONCLUSION

For the foregoing reasons, the district court did not err in concluding that Krupski's amendment adding Costa Crociere as a party was not due to the kind of

7

mistaken identity addressed by Rule 15(c).  The judgment of the district court is

**AFFIRMED**.