(Slip Opinion) OCTOBER TERM, 2009 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## KRUPSKI *v.* COSTA CROCIERE S. P. A.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 09–337.   Argued April 21, 2010—Decided June 7, 2010

Petitioner Krupski sought compensation for injuries she suffered on a cruise ship. Her passenger ticket, which was issued by Costa Cruise Lines, identified respondent Costa Crociere S. p. A. as the carrier; required an injured party to submit to the carrier or its agent written notice of a claim; required any lawsuit to be filed within one year of the injury; and designated a specific Federal District Court as the exclusive forum for lawsuits such as Krupski's. The front of the ticket listed Costa Cruise's Florida address and made references to "Costa Cruises." After Krupski's attorney notified Costa Cruise of her claims but did not reach a settlement, Krupski filed a diversity negligence action against Costa Cruise. Over the next several months— after the limitations period had expired—Costa Cruise brought Costa Crociere's existence to Krupski's attention three times, including in its motion for summary judgment, in which it stated that Costa Crociere was the proper defendant. Krupski responded and moved to amend her complaint to add Costa Crociere as a defendant. The District Court denied Costa Cruise's summary judgment motion without prejudice and granted Krupski leave to amend. After she served Costa Crociere with an amended complaint, the court dismissed Costa Cruise from the case. Thereafter, Costa Crociere—represented by the same counsel as Costa Cruise—moved to dismiss, contending that the amended complaint did not satisfy the requirements of Federal Rule of Civil Procedure 15(c), which governs when an amended pleading "relates back" to the date of a timely filed original pleading and is thus timely even though it was filed outside an applicable limitations period. The Rule requires, *inter alia,* that within the Rule 4(m) 120-day period for service after a complaint is filed, the newly named defendant "knew or should have known that the action would

have been brought against it, but for a mistake concerning the proper party's identity." Rule 15(c)(1)(C)(ii). The District Court found this condition fatal to Krupski's attempt to relate back. It concluded that she had not made a mistake about the proper party's identity because, although Costa Cruise had disclosed Costa Crociere's role in several court filings, she nonetheless delayed for months filing an amended complaint. The Eleventh Circuit affirmed, finding that Krupski either knew or should have known of Costa Crociere's identity as a potential party because she furnished the ticket identifying it to her counsel well before the limitations period ended. It was therefore appropriate to treat her as having chosen to sue one potential party over another. Additionally, the court held that relation back was not appropriate because of Krupski's undue delay in seeking to amend the complaint.

*Held:* Relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or timeliness in seeking to amend the pleading. Pp. 7–18.

(a) The Rule's text does not support the Eleventh Circuit's decision to rely on the plaintiff's knowledge in denying relation back. The question under Rule 15(c)(1)(C)(ii) is not whether Krupski knew or should have known Costa Crociere's identity as the proper defendant, but whether Costa Crociere knew or should have known during the Rule 4(m) period that it would have been named as the defendant but for an error. The plaintiff's information is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity. It would be error to conflate knowledge of a party's existence with the absence of mistake. That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity. Making a deliberate choice to sue one party over another while understanding the factual and legal differences between the two parties may be the antithesis of making a mistake, but that does not mean that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake. A plaintiff might know that the prospective defendant exists but nonetheless choose to sue a different defendant based on a misunderstanding about the proper party's identity. That kind of deliberate but mistaken choice should not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied. This reading is consistent with relation back's purpose of balancing the defendant's interests protected by the statute of limitations with the preference of the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits. It is also consistent with the history of Rule 15(c)(1)(C). And it is not fore-

closed by *Nelson* v. *Adams USA, Inc.*, 529 U. S. 460. Pp. 7–13.

(b) The Eleventh Circuit also erred in ruling that Krupski's undue delay in seeking to file, and in eventually filing, an amended complaint justified its denial of relation back under Rule 15(c)(1)(C). The Rule plainly sets forth an exclusive list of requirements for relation back, and the plaintiff's diligence is not among them. Moreover, it mandates relation back once its requirements are satisfied; it does not leave that decision to the district court's equitable discretion. Its mandatory nature is particularly striking in contrast to the inquiry under Rule 15(a), which gives a district court discretion to decide whether to grant a motion to amend a pleading before trial. See *Foman* v. *Davis*, 371 U. S. 178, 182. Rule 15(c)(1)(C) permits a court to examine a plaintiff's conduct during the Rule 4(m) period, but only to the extent the plaintiff's postfiling conduct informs the prospective defendant's understanding of whether the plaintiff initially made a "mistake concerning the proper party's identity." The plaintiff's postfiling conduct is otherwise immaterial to the relation-back question. Pp. 13–15.

(c) Under these principles, the courts below erred in denying relation back. Because the original complaint (of which Costa Crociere had constructive notice) made clear that Krupski meant to sue the company that "owned, operated, managed, supervised and controlled" the ship on which she was injured and also indicated (mistakenly) that Costa Cruise performed those roles, Costa Crociere should have known that it avoided suit within the limitations period only because of Krupski's misunderstanding about which "Costa" entity was in charge of the ship—clearly a "mistake concerning the proper party's identity." That Krupski may have known the ticket's contents does not foreclose the possibility that she nonetheless misunderstood crucial facts regarding the two companies' identities. Especially because the face of the complaint plainly indicated such a misunderstanding, respondent's contention that it was entitled to think she made no mistake is not persuasive. Moreover, respondent has articulated no strategy that it could reasonably have thought Krupski was pursuing in suing a defendant that was legally unable to provide relief. Nothing in Krupski's conduct during the Rule 4(m) period suggests that she failed to name Costa Crociere because of anything other than a mistake. The interrelationship between Costa Cruise and Costa Crociere and their similar names heighten the expectation that Costa Crociere should suspect a mistake when Costa Cruise is named in a complaint actually describing Costa Crociere's activities. In addition, Costa Crociere's own actions contributed to passenger confusion over "the proper party": The front of the ticket advertises that "Costa Cruises" has achieved a certification of quality without clarifying

Syllabus

which "Costa" company is meant.  And as shown in similar lawsuits, Costa Crociere is evidently well aware that the difference between it and Costa Cruise can be confusing for passengers.  Pp. 15–18.

330 Fed. Appx. 892, reversed and remanded.

SOTOMAYOR, J., delivered the opinion of the Court, in which ROBERTS, C. J., and STEVENS, KENNEDY, THOMAS, GINSBURG, BREYER, and ALITO, JJ., joined.  SCALIA, J., filed an opinion concurring in part and concurring in the judgment.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 09–337

## WANDA KRUPSKI, PETITIONER *v.* COSTA CROCIERE S. P. A.

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

[June 7, 2010]

JUSTICE SOTOMAYOR delivered the opinion of the Court.

Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading "relates back" to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations. Where an amended pleading changes a party or a party's name, the Rule requires, among other things, that "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Rule 15(c)(1)(C). In this case, the Court of Appeals held that Rule 15(c) was not satisfied because the plaintiff knew or should have known of the proper defendant before filing her original complaint. The court also held that relation back was not appropriate because the plaintiff had unduly delayed in seeking to amend. We hold that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading. Accordingly, we reverse the judgment of the Court of Appeals.

I

On February 21, 2007, petitioner, Wanda Krupski, tripped over a cable and fractured her femur while she was on board the cruise ship Costa Magica. Upon her return home, she acquired counsel and began the process of seeking compensation for her injuries. Krupski's passenger ticket—which explained that it was the sole contract between each passenger and the carrier, App. to Pet. for Cert. 37a—included a variety of requirements for obtaining damages for an injury suffered on board one of the carrier's ships. The ticket identified the carrier as

> "Costa Crociere S. p. A., an Italian corporation, and all Vessels and other ships owned, chartered, operated, marketed or provided by Costa Crociere, S. p. A., and all officers, staff members, crew members, independent contractors, medical providers, concessionaires, pilots, suppliers, agents and assigns onboard said Vessels, and the manufacturers of said Vessels and all their component parts." *Id.,* at 27a.

The ticket required an injured party to submit "written notice of the claim with full particulars . . . to the carrier or its duly authorized agent within 185 days after the date of injury." *Id.,* at 28a. The ticket further required any lawsuit to be "filed within one year after the date of injury" and to be "served upon the carrier within 120 days after filing." *Ibid.* For cases arising from voyages departing from or returning to a United States port in which the amount in controversy exceeded $75,000, the ticket designated the United States District Court for the Southern District of Florida in Broward County, Florida, as the exclusive forum for a lawsuit. *Id.,* at 36a. The ticket extended the "defenses, limitations and exceptions . . . that may be invoked by the CARRIER" to "all persons who may act on behalf of the CARRIER or on whose behalf the CARRIER may act," including "the CARRIER's parents,

subsidiaries, affiliates, successors, assigns, representatives, agents, employees, servants, concessionaires and contractors" as well as "Costa Cruise Lines N. V.," identified as the "sales and marketing agent for the CARRIER and the issuer of this Passage Ticket Contract." *Id.,* at 29a. The front of the ticket listed Costa Cruise Lines' address in Florida and stated that an entity called "Costa Cruises" was "the first cruise company in the world" to obtain a certain certification of quality. *Id.,* at 25a.

On July 2, 2007, Krupski's counsel notified Costa Cruise Lines of Krupski's claims. App. 69–70. On July 9, 2007, the claims administrator for Costa Cruise requested additional information from Krupski "[i]n order to facilitate our future attempts to achieve a pre-litigation settlement." App. to Pet. for Cert. 23a–24a. The parties were unable to reach a settlement, however, and on February 1, 2008— three weeks before the 1-year limitations period expired— Krupski filed a negligence action against Costa Cruise, invoking the diversity jurisdiction of the Federal District Court for the Southern District of Florida. The complaint alleged that Costa Cruise "owned, operated, managed, supervised and controlled" the ship on which Krupski had injured herself; that Costa Cruise had extended to its passengers an invitation to enter onto the ship; and that Costa Cruise owed Krupski a duty of care, which it breached by failing to take steps that would have prevented her accident. App. 23–26. The complaint further stated that venue was proper under the passenger ticket's forum selection clause and averred that, by the July 2007 notice of her claims, Krupski had complied with the ticket's presuit requirements. *Id.,* at 23. Krupski served Costa Cruise on February 4, 2008.

Over the next several months—after the limitations period had expired—Costa Cruise brought Costa Crociere's existence to Krupski's attention three times. First, on February 25, 2008, Costa Cruise filed its answer, as-

serting that it was not the proper defendant, as it was merely the North American sales and marketing agent for Costa Crociere, which was the actual carrier and vessel operator. *Id.,* at 31. Second, on March 20, 2008, Costa Cruise listed Costa Crociere as an interested party in its corporate disclosure statement. App. to Pet. for Cert. 20a. Finally, on May 6, 2008, Costa Cruise moved for summary judgment, again stating that Costa Crociere was the proper defendant. App. 5, 33–38.

On June 13, 2008, Krupski responded to Costa Cruise's motion for summary judgment, arguing for limited discovery to determine whether Costa Cruise should be dismissed. According to Krupski, the following sources of information led her to believe Costa Cruise was the responsible party: The travel documents prominently identified Costa Cruise and gave its Florida address; Costa Cruise's Web site listed Costa Cruise in Florida as the United States office for the Italian company Costa Crociere; and the Web site of the Florida Department of State listed Costa Cruise as the only "Costa" company registered to do business in that State. *Id.,* at 43–45, 56–59. Krupski also observed that Costa Cruise's claims administrator had responded to her claims notification without indicating that Costa Cruise was not a responsible party. *Id.,* at 45. With her response, Krupski simultaneously moved to amend her complaint to add Costa Crociere as a defendant. *Id.,* at 41–42, 52–54.

On July 2, 2008, after oral argument, the District Court denied Costa Cruise's motion for summary judgment without prejudice and granted Krupski leave to amend, ordering that Krupski effect proper service on Costa Crociere by September 16, 2008. *Id.,* at 71–72. Complying with the court's deadline, Krupski filed an amended complaint on July 11, 2008, and served Costa Crociere on August 21, 2008. *Id.,* at 73, 88–89. On that same date, the District Court issued an order dismissing Costa Cruise

from the case pursuant to the parties' joint stipulation, Krupski apparently having concluded that Costa Cruise was correct that it bore no responsibility for her injuries. *Id.,* at 85–86.

Shortly thereafter, Costa Crociere—represented by the same counsel who had represented Costa Cruise, compare *id.,* at 31, with *id.,* at 100—moved to dismiss, contending that the amended complaint did not relate back under Rule 15(c) and was therefore untimely. The District Court agreed. App. to Pet. for Cert. 8a–22a. Rule 15(c), the court explained, imposes three requirements before an amended complaint against a newly named defendant can relate back to the original complaint. First, the claim against the newly named defendant must have arisen "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. Rules Civ. Proc. 15(c)(1)(B), (C). Second, "within the period provided by Rule 4(m) for serving the summons and complaint" (which is ordinarily 120 days from when the complaint is filed, see Rule 4(m)), the newly named defendant must have "received such notice of the action that it will not be prejudiced in defending on the merits." Rule 15(c)(1)(C)(i). Finally, the plaintiff must show that, within the Rule 4(m) period, the newly named defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Rule 15(c)(1)(C)(ii).

The first two conditions posed no problem, the court explained: The claim against Costa Crociere clearly involved the same occurrence as the original claim against Costa Cruise, and Costa Crociere had constructive notice of the action and had not shown that any unfair prejudice would result from relation back. App. to Pet. for Cert. 14a–18a. But the court found the third condition fatal to Krupski's attempt to relate back, concluding that Krupski had not made a mistake concerning the identity of the

proper party. *Id.,* at 18a–21a. Relying on Eleventh Circuit precedent, the court explained that the word "mistake" should not be construed to encompass a deliberate decision not to sue a party whose identity the plaintiff knew before the statute of limitations had run. Because Costa Cruise informed Krupski that Costa Crociere was the proper defendant in its answer, corporate disclosure statement, and motion for summary judgment, and yet Krupski delayed for months in moving to amend and then in filing an amended complaint, the court concluded that Krupski knew of the proper defendant and made no mistake.

The Eleventh Circuit affirmed in an unpublished *per curiam* opinion. *Krupski* v. *Costa Cruise Lines, N. V., LLC*, 330 Fed. Appx. 892 (2009). Rather than relying on the information contained in Costa Cruise's filings, all of which were made after the statute of limitations had expired, as evidence that Krupski did not make a mistake, the Court of Appeals noted that the relevant information was located within Krupski's passenger ticket, which she had furnished to her counsel well before the end of the limitations period. Because the ticket clearly identified Costa Crociere as the carrier, the court stated, Krupski either knew or should have known of Costa Crociere's identity as a potential party.[1] It was therefore appropriate to treat Krupski as having chosen to sue one potential party over another. Alternatively, even assuming that she first learned of Costa Crociere's identity as the correct party from Costa Cruise's answer, the Court of Appeals

--------

[1] The Court of Appeals stated that it was "imput[ing]" knowledge to Krupski. 330 Fed. Appx., at 895. Petitioner uses the terms "imputed knowledge" and "constructive knowledge" interchangeably in her brief, while respondent addresses only actual knowledge. Because we reject the Court of Appeals' focus on the plaintiff's knowledge in the first instance, see *infra*, at 8–13, the distinction among these types of knowledge is not relevant to our resolution of this case.

observed that Krupski waited 133 days from the time she filed her original complaint to seek leave to amend and did not file an amended complaint for another month after that. In light of this delay, the Court of Appeals concluded that the District Court did not abuse its discretion in denying relation back.

We granted certiorari to resolve tension among the Circuits over the breadth of Rule 15(c)(1)(C)(ii),[2] 558 U. S. \_\_\_ (2010), and we now reverse.

## II

Under the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the original pleading when:

> "(A) the law that provides the applicable statute of limitations allows relation back;
>
> "(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original plead-

---

[2] See, *e.g., Krupski* v. *Costa Cruise Lines, N. V., LLC*, 330 Fed. Appx. 892, 895 (CA11 2009) *(per curiam)* (case below); *Rendall-Speranza* v. *Nassim*, 107 F. 3d 913, 918 (CADC 1997) (provision does not authorize relation back where plaintiff "was fully aware of the potential defendant's identity but not of its responsibility for the harm alleged"); *Cornwell* v. *Robinson*, 23 F. 3d 694, 705 (CA2 1994) (no relation back where plaintiff knew the identities of the responsible defendants and failed to name them); *Goodman* v. *Praxair, Inc.*, 494 F. 3d 458, 469–470 (CA4 2007) (en banc) (rejecting argument that plaintiff's knowledge of proper corporate defendant's existence and name meant that no mistake had been made); *Arthur* v. *Maersk, Inc.*, 434 F. 3d 196, 208 (CA3 2006) ("A 'mistake' is no less a 'mistake' when it flows from lack of knowledge as opposed to inaccurate description"); *Leonard* v. *Parry*, 219 F. 3d 25, 28–29 (CA1 2000) (plaintiff's knowledge of proper defendant's identity was not relevant to whether she made a "'mistake concerning the identity of the proper party'"). We express no view on whether these decisions may be reconciled with each other in light of their specific facts and the interpretation of Rule 15(c)(1)(C)(ii) we adopt today.

ing; or

"(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

"(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

"(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Rule 15(c)(1).

In our view, neither of the Court of Appeals' reasons for denying relation back under Rule 15(c)(1)(C)(ii) finds support in the text of the Rule.  We consider each reason in turn.

A

The Court of Appeals first decided that Krupski either knew or should have known of the proper party's identity and thus determined that she had made a deliberate choice instead of a mistake in not naming Costa Crociere as a party in her original pleading.  330 Fed. Appx., at 895.  By focusing on Krupski's knowledge, the Court of Appeals chose the wrong starting point.  The question under Rule 15(c)(1)(C)(ii) is not whether Krupski knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error.  Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original

complaint.[3]

Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity. For purposes of that inquiry, it would be error to conflate knowledge of a party's existence with the absence of mistake. A mistake is "[a]n error, misconception, or misunderstanding; an erroneous belief." Black's Law Dictionary 1092 (9th ed. 2009); see also Webster's Third New International Dictionary 1446 (2002) (defining "mistake" as "a misunderstanding of the meaning or implication of something"; "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention"; "an erroneous belief"; or "a state of mind not in accordance with the facts"). That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity. A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties. The only question under Rule

———————

[3] Rule 15(c)(1)(C) speaks generally of an amendment to a "pleading" that changes "the party against whom a claim is asserted," and it therefore is not limited to the circumstance of a plaintiff filing an amended complaint seeking to bring in a new defendant. Nevertheless, because the latter is the "typical case" of Rule 15(c)(1)(C)'s applicability, see 3 Moore's Federal Practice §15.19[2] (3d ed. 2009), we use this circumstance as a shorthand throughout this opinion. See also *id.,* §15.19[3][a]; Advisory Committee's 1966 Notes on Fed. Rule Civ. Proc. 15, 28 U. S. C. App., pp. 122–123 (hereinafter Advisory Committee's 1966 Notes).

15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.

Respondent urges that the key issue under Rule 15(c)(1)(C)(ii) is whether the plaintiff made a deliberate choice to sue one party over another. Brief for Respondent 11–16. We agree that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity. We disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake. The reasonableness of the mistake is not itself at issue. As noted, a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.

This reading is consistent with the purpose of relation back: to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits. See, *e.g.,* Advisory Committee's 1966 Notes 122; 3 Moore's Federal Practice §§15.02[1], 15.19[3][a] (3d ed. 2009). A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because

the plaintiff misunderstood a crucial fact about his iden-tity.  Because a plaintiff's knowledge of the existence of a party does not foreclose the possibility that she has made a mistake of identity about which that party should have been aware, such knowledge does not support that party's interest in repose.

Our reading is also consistent with the history of Rule 15(c)(1)(C).  That provision was added in 1966 to respond to a recurring problem in suits against the Federal Gov-ernment, particularly in the Social Security context. Advisory Committee's 1966 Notes 122.  Individuals who had filed timely lawsuits challenging the administrative denial of benefits often failed to name the party identified in the statute as the proper defendant—the current Secre-tary of what was then the Department of Health, Educa-tion, and Welfare—and named instead the United States; the Department of Health, Education, and Welfare itself; the nonexistent "Federal Security Administration"; or a Secretary who had recently retired from office.  *Ibid.*  By the time the plaintiffs discovered their mistakes, the statute of limitations in many cases had expired, and the district courts denied the plaintiffs leave to amend on the ground that the amended complaints would not relate back.  Rule 15(c) was therefore "amplified to provide a general solution" to this problem.  *Ibid.*  It is conceivable that the Social Security litigants knew or reasonably should have known the identity of the proper defendant either because of documents in their administrative cases or by dint of the statute setting forth the filing require-ments.  See 42 U. S. C. §405(g) (1958 ed., Supp. III). Nonetheless, the Advisory Committee clearly meant their filings to qualify as mistakes under the Rule.

Respondent suggests that our decision in *Nelson* v. *Adams USA, Inc.*, 529 U. S. 460 (2000), forecloses the reading of Rule 15(c)(1)(C)(ii) we adopt today.  We dis-agree.  In that case, Adams USA, Inc. (Adams), had ob-

tained an award of attorney's fees against the corporation of which Donald Nelson was the president and sole shareholder. After Adams became concerned that the corporation did not have sufficient funds to pay the award, Adams sought to amend its pleading to add Nelson as a party and simultaneously moved to amend the judgment to hold Nelson responsible. The District Court granted both motions, and the Court of Appeals affirmed. We reversed, holding that the requirements of due process, as codified in Rules 12 and 15 of the Federal Rules of Civil Procedure, demand that an added party have the opportunity to respond before judgment is entered against him. *Id.,* at 465–467. In a footnote explaining that relation back does not deny the added party an opportunity to respond to the amended pleading, we noted that the case did not arise under the "mistake clause" of Rule 15(c):[4] "Respondent Adams made no such mistake. It knew of Nelson's role and existence and, until it moved to amend its pleading, chose to assert its claim for costs and fees only against [Nelson's company]." *Id.,* at 467, n. 1.

Contrary to respondent's claim, *Nelson* does not suggest that Rule 15(c)(1)(C)(ii) cannot be satisfied if a plaintiff knew of the prospective defendant's existence at the time she filed her original complaint. In that case, there was nothing in the initial pleading suggesting that Nelson was an intended party, while there was evidence in the record (of which Nelson was aware) that Adams sought to add him only after learning that the company would not be able to satisfy the judgment. *Id.,* at 463–464. This evi-

---

[4] The "mistake clause" at the time we decided *Nelson* was set forth in Rule 15(c)(3). 529 U. S., at 467, n. 1; 528 F. R. D. 525, 529 (1991). Rule 15(c) was renumbered in 2007 without substantive change "as part of the general restyling of the Civil Rules," at which time it received its current placement in Rule 15(c)(1)(C)(ii). Advisory Committee's 2007 Notes on Fed. Rule Civ. Proc. 15, 28 U. S. C. App., p. 37 (2006 ed., Supp. II).

dence countered any implication that Adams had origi-
nally failed to name Nelson because of any "mistake con-
cerning the proper party's identity," and instead suggested
that Adams decided to name Nelson only after the fact in
an attempt to ensure that the fee award would be paid.
The footnote merely observes that Adams had originally
been under no misimpression about the function Nelson
played in the underlying dispute. We said, after all, that
Adams knew of Nelson's "role" as well as his existence.
*Id.,* at 467, n. 1. Read in context, the footnote in *Nelson* is
entirely consistent with our understanding of the Rule:
When the original complaint and the plaintiff's conduct
compel the conclusion that the failure to name the pro-
spective defendant in the original complaint was the result
of a fully informed decision as opposed to a mistake con-
cerning the proper defendant's identity, the requirements
of Rule 15(c)(1)(C)(ii) are not met. This conclusion is in
keeping with our rejection today of the Court of Appeals'
reliance on the plaintiff's knowledge to deny relation back.

B

The Court of Appeals offered a second reason why Krup-
ski's amended complaint did not relate back: Krupski had
unduly delayed in seeking to file, and in eventually filing,
an amended complaint. 330 Fed. Appx., at 895. The
Court of Appeals offered no support for its view that a
plaintiff's dilatory conduct can justify the denial of relation
back under Rule 15(c)(1)(C), and we find none. The Rule
plainly sets forth an exclusive list of requirements for
relation back, and the amending party's diligence is not
among them. Moreover, the Rule mandates relation back
once the Rule's requirements are satisfied; it does not
leave the decision whether to grant relation back to the
district court's equitable discretion. See Rule 15(c)(1) ("An
amendment . . . *relates back* . . . when" the three listed
requirements are met (emphasis added)).

The mandatory nature of the inquiry for relation back under Rule 15(c) is particularly striking in contrast to the inquiry under Rule 15(a), which sets forth the circumstances in which a party may amend its pleading before trial. By its terms, Rule 15(a) gives discretion to the district court in deciding whether to grant a motion to amend a pleading to add a party or a claim. Following an initial period after filing a pleading during which a party may amend once "as a matter of course," "a party may amend its pleading only with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires." Rules 15(a)(1)–(2). We have previously explained that a court may consider a movant's "undue delay" or "dilatory motive" in deciding whether to grant leave to amend under Rule 15(a). *Foman* v. *Davis*, 371 U. S. 178, 182 (1962). As the contrast between Rule 15(a) and Rule 15(c) makes clear, however, the speed with which a plaintiff moves to amend her complaint or files an amended complaint after obtaining leave to do so has no bearing on whether the amended complaint relates back. Cf. 6A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §1498, pp. 142–143, and nn. 49–50 (2d ed. 1990 and Supp. 2010).

Rule 15(c)(1)(C) does permit a court to examine a plaintiff's conduct during the Rule 4(m) period, but not in the way or for the purpose respondent or the Court of Appeals suggests. As we have explained, the question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant. To the extent the plaintiff's postfiling conduct informs the prospective defendant's understanding of whether the plaintiff initially made a "mistake concerning the proper party's identity," a court may consider the conduct. Cf. *Leonard* v. *Parry*, 219 F. 3d 25, 29 (CA1 2000) ("[P]ost-filing events occasionally can shed light on the plaintiff's

state of mind at an earlier time" and "can inform *a defendant's* reasonable beliefs concerning whether her omission from the original complaint represented a mistake (as opposed to a conscious choice)"). The plaintiff's postfiling conduct is otherwise immaterial to the question whether an amended complaint relates back.[5]

## C

Applying these principles to the facts of this case, we think it clear that the courts below erred in denying relation back under Rule 15(c)(1)(C)(ii). The District Court held that Costa Crociere had "constructive notice" of Krupski's complaint within the Rule 4(m) period. App. to Pet. for Cert. 15a–17a. Costa Crociere has not challenged this finding. Because the complaint made clear that Krupski meant to sue the company that "owned, operated, managed, supervised and controlled" the ship on which she was injured, App. 23, and also indicated (mistakenly) that Costa Cruise performed those roles, *id.,* at 23–27, Costa Crociere should have known, within the Rule 4(m) period, that it was not named as a defendant in that complaint only because of Krupski's misunderstanding about which "Costa" entity was in charge of the ship—clearly a "mistake concerning the proper party's identity."

Respondent contends that because the original complaint referred to the ticket's forum requirement and presuit claims notification procedure, Krupski was clearly aware of the contents of the ticket, and because the ticket identified Costa Crociere as the carrier and proper party

———————

[5] Similarly, we reject respondent's suggestion that Rule 15(c) requires a plaintiff to move to amend her complaint or to file and serve an amended complaint within the Rule 4(m) period. Rule 15(c)(1)(C)(i) simply requires that the prospective defendant has received sufficient "notice of the action" within the Rule 4(m) period that he will not be prejudiced in defending the case on the merits. The Advisory Committee Notes to the 1966 Amendment clarify that "the notice need not be formal." Advisory Committee's 1966 Notes 122.

for a lawsuit, respondent was entitled to think that she made a deliberate choice to sue Costa Cruise instead of Costa Crociere. Brief for Respondent 13. As we have explained, however, that Krupski may have known the contents of the ticket does not foreclose the possibility that she nonetheless misunderstood crucial facts regarding the two companies' identities. Especially because the face of the complaint plainly indicated such a misunderstanding, respondent's contention is not persuasive. Moreover, respondent has articulated no strategy that it could reasonably have thought Krupski was pursuing in suing a defendant that was legally unable to provide relief.

Respondent also argues that Krupski's failure to move to amend her complaint during the Rule 4(m) period shows that she made no mistake in that period. *Id.,* at 13–14. But as discussed, any delay on Krupski's part is relevant only to the extent it may have informed Costa Crociere's understanding during the Rule 4(m) period of whether she made a mistake originally. Krupski's failure to add Costa Crociere during the Rule 4(m) period is not sufficient to make reasonable any belief that she had made a deliberate and informed decision not to sue Costa Crociere in the first instance.[6] Nothing in Krupski's conduct during the Rule 4(m) period suggests that she failed to name Costa Crociere because of anything other than a mistake.

It is also worth noting that Costa Cruise and Costa

----

[6] The Court of Appeals concluded that Krupski was not diligent merely because she did not seek leave to add Costa Crociere until 133 days after she filed her original complaint and did not actually file an amended complaint for another a month after that. 330 Fed. Appx., at 895. It is not clear why Krupski should have been found dilatory for not accepting at face value the unproven allegations in Costa Cruise's answer and corporate disclosure form. In fact, Krupski moved to amend her complaint to add Costa Crociere within the time period prescribed by the District Court's scheduling order. See App. 3, 6–7; Record, Doc. 23, p. 1.

Crociere are related corporate entities with very similar names; "crociera" even means "cruise" in Italian. Cassell's Italian Dictionary 137, 670 (1967). This interrelationship and similarity heighten the expectation that Costa Crociere should suspect a mistake has been made when Costa Cruise is named in a complaint that actually describes Costa Crociere's activities. Cf. *Morel* v. *DaimlerChrysler AG*, 565 F. 3d 20, 27 (CA1 2009) (where complaint conveyed plaintiffs' attempt to sue automobile manufacturer and erroneously named the manufacturer as Daimler-Chrysler Corporation instead of the actual manufacturer, a legally distinct but related entity named DaimlerChrysler AG, the latter should have realized it had not been named because of plaintiffs' mistake); *Goodman* v. *Praxair, Inc.*, 494 F. 3d 458, 473–475 (CA4 2007) (en banc) (where complaint named parent company Praxair, Inc., but described status of subsidiary company Praxair Services, Inc., subsidiary company knew or should have known it had not been named because of plaintiff's mistake). In addition, Costa Crociere's own actions contributed to passenger confusion over "the proper party" for a lawsuit. The front of the ticket advertises that "Costa Cruises" has achieved a certification of quality, App. to Pet. for Cert. 25a, without clarifying whether "Costa Cruises" is Costa Cruise Lines, Costa Crociere, or some other related "Costa" company. Indeed, Costa Crociere is evidently aware that the difference between Costa Cruise and Costa Crociere can be confusing for cruise ship passengers. See, *e.g., Suppa* v. *Costa Crociere, S. p. A.*, No. 07–60526–CIV, 2007 WL 4287508, *1, (SD Fla., Dec. 4, 2007) (denying Costa Crociere's motion to dismiss the amended complaint where the original complaint had named Costa Cruise as a defendant after "find[ing] it simply inconceivable that Defendant Costa Crociere was not on notice . . . that . . . but for the mistake in the original Complaint, Costa Crociere was the appropriate party

to be named in the action").

In light of these facts, Costa Crociere should have known that Krupski's failure to name it as a defendant in her original complaint was due to a mistake concerning the proper party's identity. We therefore reverse the judgment of the Court of Appeals for the Eleventh Circuit and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

No. 09–337

WANDA KRUPSKI, PETITIONER *v.* COSTA
CROCIERE S. P. A.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE ELEVENTH CIRCUIT

[June 7, 2010]

JUSTICE SCALIA, concurring in part and concurring in the judgment.

I join the Court's opinion except for its reliance, *ante*, at 10–11, 15, n. 5, on the Notes of the Advisory Committee as establishing the meaning of Federal Rule of Civil Procedure 15(c)(1)(C). The Advisory Committee's insights into the proper interpretation of a Rule's text are useful to the same extent as any scholarly commentary. But the Committee's *intentions* have no effect on the Rule's meaning. Even assuming that we and the Congress that allowed the Rule to take effect read and agreed with those intentions, it is the text of the Rule that controls. *Tome* v. *United States*, 513 U. S. 150, 167–168 (1995) (SCALIA, J., concurring in part and concurring in judgment).