Justice Scalia,
with whom
Justice Thomas joins, concurring in part and concurring in the judgment.
I join the Court’s opinion with two exceptions. First, I do not join in its reliance, ante, at 473, on the Notes of the Advi *475 sory Committee in determining the meaning of Federal Rule of Criminal Procedure 30(d). The Committee’s view is not authoritative. See Krupski v. Costa Crociere S. p. A., 560 U. S. 538, 557 (2010) (Scalia, J., concurring in part and concurring in judgment). The Court accurately quotes the text of the Rule, see ante, at 473, the meaning of which is obvious. No more should be said.
Second, I agree with the Court, ante, at 471, 474, that the District Court’s honest-services-fraud instructions to the jury were erroneous, but for a quite different reason. In my view, the error lay not in instructing inconsistently with the theory of honest-services fraud set forth in Skilling v. United States, ante, p. 358, but in instructing the jury on honest-services fraud at all. For the reasons set forth in my opinion in that case, 18 U. S. C. § 1346 is unconstitutionally vague. Ante, p. 415 (opinion concurring in part and concurring in judgment).