[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2010
JOHN LEY
CLERK

No. 08-16569
Non-Argument Calendar
_____

D. C. Docket No. 08-60152-CV-CMA

WANDA KRUPSKI,
a single person,

Plaintiff-Appellant,

versus

COSTA CRUISE LINES, N.V., LLC,
d.b.a. Costa Cruise Lines,
a foreign corporation (Netherland Antilles),

Defendant,

COSTA CROCIERE, SPA,
a foreign corporation (Italy),

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 15, 2010)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

In *Krupski v. Costa Cruise Lines, N.V., LLC*, 330 F. App'x 892, 895 (11th Cir. 2009) (per curiam), we affirmed the district court's grant of summary judgment in favor of Defendant Costa Crociere, S.p.A., finding that Plaintiff Wanda Krupski's amended complaint did not relate back under Federal Rule of Civil Procedure 15(c), and was therefore untimely. Specifically, we found that under Rule 15(c)(1)(C)(ii),[1] Krupski knew or should have known that Costa Crociere was a potential party because Krupski's passenger ticket identified Costa Crociere as the carrier. *Id.* Accordingly, we held that there was no "mistake" because "Krupski chose to sue one potential party and not another even though the identity of both was known to her." *Id.* Alternatively, we held, Krupski's delay in seeking leave to amend her original complaint and in filing an amended complaint demonstrated that the district court did not abuse its discretion in applying Rule 15(c). *Id.*

The Supreme Court, in *Krupski v. Costa Crociere S. p. A.*, ___ U.S. ___, slip op. at *1 (No. 09-337, June 7, 2010), reversed our decision and held that the proper

---

[1] Federal Rule of Civil Procedure 15(c)(1)(C)(ii) states that in order to permit relation back, the newly named defendant must have "[known] or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

2

inquiry for relation back under Federal Rule of Civil Procedure 15(c)(1)(C)(ii) "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." Thus, the question is "whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error." *Id.* at *8. The Supreme Court made clear that a plaintiff's knowledge of a party's existence does not automatically equate to absence of mistake. *Id.* at *9.

Here, the Supreme Court found that the requirements of Federal Rule of Civil Procedure 15(c)(1)(C)(ii) were met because "Costa Crociere should have known that Krupski's failure to name it as a defendant in her original complaint was due to a mistake concerning the proper party's identity." *Id.* at *18. Accordingly, we reverse the judgment of the district court granting summary judgment to Defendant Costa Crociere, and remand for further proceedings consistent with the Supreme Court's opinion.

**REVERSED AND REMANDED.**