**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-8250**

———————

JUNE EVERETT,

                    Plaintiff – Appellant,

          v.

PRISON HEALTH SERVICES,

                    Defendant – Appellee,

          and

M. A. BENNETT, Major; ROY CHERRY, Superintendent Hampton
Roads Regional Jail; DAVID L. SIMONS, Assistant
Superintendent Hampton Roads Regional Jail; MARK A. GOOCH,

                    Defendants.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Rebecca Beach Smith, District
Judge.  (2:08-cv-00622-RBS-TEM)

———————

Submitted:  November 9, 2010          Decided:  February 25, 2011

———————

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Bernard J. DiMuro, Hillary J. Collyer, DIMUROGINSBERG, P.C., Alexandria, Virginia, for Appellant. John D. McChesney, RAWLS & MCNELIS, P.C., Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

June Everett appeals the district court's order affirming the magistrate judge's ruling denying Everett's motion to amend her complaint to add a previously unnamed party, pursuant to Fed. R. Civ. P. 15(a), (c). We affirm the district court's order.[1]

The federal government detained Sandra Kenley in two Virginia regional jails pending her removal from the United States. On December 18, 2005, Kenley died while awaiting removal. On December 8, 2007, June Everett, Kenley's sister and estate administrator, timely filed the underlying cause of action in Virginia state court, naming several jail officials (collectively "named Defendants"), and various unnamed individuals identified as "John Doe." Everett alleged wrongful death, pursuant to Va. Code Ann. § 8.01-244 (Supp. 2010), and violation of Kenley's Eighth and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983 (2006). Specifically, Everett alleged that Defendants' failure to provide Kenley with adequate medical care proximately caused her death.

---

[1] As the parties agreed in the district court to dismiss with prejudice Everett's claims against all other defendants, we have jurisdiction to review the order in question. 28 U.S.C. § 1291 (2006).

3

The named Defendants removed the case to federal court. On July 24, 2009, Everett moved for leave to amend her complaint, pursuant to Fed. R. Civ. P. 15(a), to add Appellee Prison Health Services, Inc. ("PHS") as a defendant based on information obtained during discovery, and to add a state-law claim of medical malpractice against PHS. After a hearing, the magistrate judge denied Everett's motion. Everett timely objected, thereby preserving the issue for review by the district court.[2] 28 U.S.C.A. § 636(b)(1). The district court affirmed the order of the magistrate judge.

We review the denial of a motion to amend a pleading under Fed. R. Civ. P. 15(a) for abuse of discretion. Equal Rights Ctr. v. Niles Bolton Assoc., 602 F.3d 597, 602-03 (4th Cir. 2010); Laber v. Harvey, 438 F.3d 404, 428 (4th Cir. 2006) (en banc). "[A] district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.'" Equal Rights Ctr., 602 F.3d at 603 (quoting Foman v. Davis, 371 U.S. 179, 182 (1962)).

---

[2] Pursuant to Federal Rule of Civil Procedure 72(a), the district court could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A) (2006 & Supp. 2010).

In this case, Everett could not amend her complaint without "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). This Rule provides that "[t]he court should freely give leave when justice so requires." Id. The Supreme Court has emphasized this requirement, counseling that

> [i]n the absence of any apparent or declared reason—
> such as undue delay, bad faith or dilatory motive on
> the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue
> prejudice to the opposing party by virtue of allowance
> of the amendment, futility of amendment, etc.—the
> leave sought should, as the rules require, be "freely
> given."

Foman, 371 U.S. at 182. Thus, prejudice to an opposing party and futility are two grounds for denial of a motion to amend under Rule 15(a)(2). Where a proposed amendment is made beyond the statute of limitations and it would not relate back to the original complaint, such an amendment would be futile. In that case, a district court does not abuse its discretion under Rule 15(a)(2) in denying a motion to amend. United States v. Pittman, 209 F.3d 314, 318-19 (4th Cir. 2000).

We conclude that the district court did not abuse its discretion in affirming the denial of the motion to amend. Unless Everett's proposed amendment relates back to the filing of the original complaint pursuant to Fed. R. Civ. P. 15(c)(1)(C), the amendment is barred by the statute of

5

limitations and thus is futile. The record supports the district court's decision that PHS did not have sufficient notice of the action to avoid prejudice in defending it. See Goodman v. Praxair, Inc., 494 F.3d 458, 471 (4th Cir. 2007) (en banc) (the notice requirements of Rule 15(c) ensure fair notice to newly named party and protect party from improper prejudice in defending itself). Therefore, we conclude that the district court did not abuse its discretion in affirming the magistrate judge's denial of leave to amend.[3]

Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[3] After all briefs were filed, Everett filed a letter bringing to the court's attention the Supreme Court's recent decision in Krupski v. Costa Crociere S.P.A., 130 S. Ct. 2485 (2010). In Krupski, the Supreme Court held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." Krupski, 130 S. Ct. at 2490. This court had previously reached the same result in Goodman, 494 F.3d at 470 ("The Rule [now Fed. R. Civ. P. 15(c)(1)(C)] does not concern itself with the amending party's particular state of mind except insofar as he made a mistake . . . . The Rule's description of when such an amendment relates back to the original pleading focuses on the notice to the new party and the effect on the new party that the amendment will have." (emphasis omitted)). We hold that the district court properly based its Rule 15(c) ruling on the inadequacy of notice to PHS, and not on an assessment of the knowledge possessed by Everett.

before the court and argument would not aid the decisional process.

AFFIRMED