Ray v. Weit

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand seventeen.

PRESENT:
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
>> *Circuit Judges,*
> PAUL A. ENGELMAYER,*
>> *District Judge.*

---

Shelda Ray,

> Plaintiff - Appellant,

v.                                                          **16-1106**

Brian Weit, New York City Department of Education,
New York City Department of Education,

> Defendants - Appellees.

---

**FOR PLAINTIFF -APPELLANT:**          Shelda Ray, pro se, Brooklyn, NY.

---

∗ Judge Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANTS -APPELLEES:**    Eric Lee, Assistant Corporation Counsel, Scott Shorr, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART, VACATED IN PART, AND REMANDED**.

Appellant Shelda Ray, proceeding pro se, appeals the district court's judgment dismissing her complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for employment discrimination based on race, gender, and disabilities under Title VII of the Civil Rights Act and the Americans With Disabilities Act ("ADA"). In September 2016, this Court denied Appellant's motion for in forma pauperis status and dismissed her appeal as to all claims other than those brought under the ADA based on Appellees' failure to accommodate Appellant's alleged disabilities. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews de novo the dismissal of a complaint pursuant to Rule 12(b)(6). *Forest Park Pictures v. Universal Television Network*, 683 F.3d 424, 429 (2d Cir. 2012). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). Courts should interpret pro se complaints liberally to raise the strongest claims they suggest. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

The ADA forbids an employer from discriminating against a qualified individual on the basis of his or her disability. 42 U.S.C. § 12112(a). "Discriminat[ion]" includes failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" unless the employer "can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business." 42 U.S.C. § 12112(b)(5)(A). To prove a claim for failure to accommodate, a plaintiff must show that she is disabled under the ADA, her employer had notice of the disability, she could perform the essential functions of her job with reasonable accommodations, and her employer refused to make those accommodations. *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 97 (2d Cir. 2009). It is generally the employee's responsibility to inform her employer that she needs an accommodation. *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 (2d Cir. 2006). The ADA contemplates that employers will engage in an "interactive process," working with their employees to assess whether a disability can be reasonably accommodated. *Stevens v. Rite Aid Corp.*, 851 F.3d 224, 231 (2d Cir. 2017).

Under the ADA, a disability is a physical or mental impairment that substantially limits one or more of the individual's "major life activities," a record of such impairment, or being regarded as having such an impairment. 42 U.S.C. § 12102(1). Major life activities include, as relevant here, "seeing," "walking," "standing," and "breathing." 42 U.S.C. § 12102(2)(A). An impairment meets this standard if it substantially limits an individual's major life activity "as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii).

3

Review of the record and relevant case law reveals that the district court properly dismissed Appellant's failure to accommodate claims based on her alleged asthma and podiatric problems because the accommodations that Appellant sought for these disabilities—a locker and work area in locations that were not cold or damp and did not require her to climb stairs—had nothing to do with Appellant's ability to perform the essential functions of her job or with the reason she was terminated. Rather, Appellant was terminated solely because of her chronic and excessive tardiness. She claimed the tardiness was due to her visual impairment and Appellees' failure to grant her request for a modified work schedule—one that would allow her to start her work day later in the morning and leave later in the afternoon, so that she did not have to leave her house before the sun rose.

As to that impairment, the district court erred in finding that the major life activity that was limited by Appellant's 99% loss of vision in one eye was either working or commuting, that Appellant's vision did not substantially limit her ability to work, and that commuting was not a major life activity. Rather, the major life activity limited by Appellant's vision loss was "seeing." 29 C.F.R. § 1630.2(i)(1)(i). And, although Appellant did not specifically allege how the 99% loss of vision in one eye affected her ability to see before the sun rose, enough is alleged to raise a plausible claim as to whether Appellant's limited vision impacted her ability to arrive at work on time. The details of exactly how, and to what extent, her impediment affected her ability to arrive at work at 8:30 AM may await discovery. *See Bell Atlantic Corp.*, 550 U.S. at 556 (to survive a motion to dismiss, a complaint must merely provide enough facts to raise a reasonable expectation that discovery will reveal the evidence needed to support the claim).

As to Appellant's request for an accommodation for her vision loss, reasonable accommodations under the ADA include "job restructuring" and "part-time or modified work schedules." 42 U.S.C. § 12111(9)(B). This Court has held that "[p]hysical presence at or by a specific time is not, as a matter of law, an essential function of all employment." *McMillan v. New York City*, 711 F.3d 120, 126 (2d Cir. 2013). Thus, reasonable accommodations can include a modified work schedule. *Id.* at 127; *Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 120 (2d Cir. 2004) (a modified work schedule may constitute a reasonable accommodation in some circumstances, if it does not involve the elimination of an essential job function).

Appellees do not argue to the contrary. Rather, they argue only that Appellant's visual impairment/failure to accommodate claim should nevertheless fail because this Court can take judicial notice that her visual impairment was not the reason why she could not arrive at work on time. According to Appellees, although Appellant claimed that she could not leave the house before the sun rose because of her visual impairment, the record showed that she needed to be at work by 8:30 a.m., it took her no more than one hour to travel to work, and the sun always rose before 7:30 a.m. during the 2012-13 school year.

However, in opposition to the motion to dismiss, Appellant maintained that she needed to leave her house by 6:30 a.m. to make it to work on time. We observe that, although it may have taken Appellant slightly less than one hour to walk to and then ride on public transportation, that apparently did not account for any time spent waiting for the bus or train. In any event, a factual dispute as to how long it took Appellant to commute to work could not have been resolved on a motion to dismiss under Rule 12(b)(6). *See Financial Guar. Ins. Co. v. Putnam Advisory Co.*,

5

783 F.3d 395, 405 (2d Cir. 2015) (resolution of a factual dispute is inappropriate on a motion to dismiss).

Accordingly, we **VACATE** the judgment of the district court to the extent it dismissed Appellant's failure to accommodate claim based on her visual impairment and **REMAND** for further proceedings on that claim, but we **AFFIRM** the judgment in all other respects.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6