[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10013
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-04030-CC

BRIAN E. WALKER,

Plaintiff-Appellant,

versus

FULTON COUNTY SCHOOL DISTRICT,
a.k.a. Fulton County Schools,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 13, 2015)

Before HULL, MARCUS, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff Brian Walker appeals: (1) the district court's dismissal of his

retaliation claim against defendant Fulton County School District (the "School

District"), brought under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-3(a); and (2) the district court's grant of summary judgment to the School District on his Title VII race-based wage discrimination claim, brought under 42 U.S.C. § 2000e-2(a)(1).  After careful review, we affirm the challenged district orders.

## I.  BACKGROUND

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

On November 19, 2012, plaintiff Walker pro se filed suit against the School District.  Plaintiff Walker alleged that the District discriminated against him on the basis of his age (1) by failing to provide him with supplemental pay for teaching an additional orchestra class and (2) by providing this supplement to other teachers. Separately, plaintiff Walker alleged that the District provided false information to the Georgia Professional Standards Commission ("GPSC"), which prevented Walker from renewing his teaching license.

On April 15, 2013, plaintiff Walker, through counsel, filed an amended complaint.  On June 20, 2013, the district court struck the amended complaint as a "quintessential shotgun pleading" and gave plaintiff Walker twenty-one days to file a second amended complaint.

2

On July 12, 2013, plaintiff Walker filed his second amended complaint, alleging race-based wage discrimination and retaliation in violation of Title VII, as well as sex-based discrimination in violation of the Equal Pay Act.  On July 26, 2013, the School District moved to dismiss, arguing (1) that Walker failed to set forth plausible claims for race- or sex-based wage discrimination and (2) that Walker's retaliation claim was untimely.

On October 17, 2013, the district court granted that motion in part and denied it in part.  The district court did not outright dismiss plaintiff Walker's discrimination claims, but it did hold that Walker's retaliation claim was time-barred.[1]

Discovery followed.  On August 29, 2014, the School District filed a motion for summary judgment as to plaintiff Walker's remaining discrimination claim.  On December 2, 2014, the district court granted the School District's motion for summary judgment.  Plaintiff Walker timely appealed.

## II.  STANDARD OF REVIEW

We review a district court's ruling on a motion to dismiss de novo, applying the same standard as the district court.  Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc., 522 F.3d

---

[1]Plaintiff Walker, with leave of the district court, filed a Third Amended Complaint to clarify his Equal Pay Act claim.  Because Walker later stipulated to voluntary dismissal of that claim, it is not relevant to our analysis here.

1190, 1193-94 (11th Cir. 2008). We review the district court's determination that an amendment does not relate back to the original complaint for an abuse of discretion, but we review for clear error the findings of fact used to apply Federal Rule of Civil Procedure 15(c). Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1121 (11th Cir. 2004). While we construe pro se pleadings liberally, this does not give courts license to rewrite deficient pleadings in order to sustain an action. Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir.), cert. denied, 135 S. Ct. 759 (2014).

We also review de novo the grant of a motion for summary judgment. Carter v. Three Springs Residential Treatment, 132 F.3d 635, 641 (11th Cir. 1998). We view the evidence in the light most favorable to the non-moving party. Id. Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Id.

### III.  DISCUSSION

**A.    The Retaliation Claim**

We first explain why the district court did not err in dismissing the retaliation claim as time-barred.

Under Title VII, a plaintiff must file a civil action within 90 days of receiving a right-to-sue letter from the Equal Employment Opportunity

4

Commission ("EEOC").  Stallworth v. Wells Fargo Armored Servs. Corp., 936 F.2d 522, 524 (11th Cir. 1991).

Where the plaintiff amends the complaint, even if the amended pleading was filed outside of the applicable statute of limitations, it is timely only where (1) the original pleading was timely and (2) the amended pleading relates back to the date on which the original pleading was filed.  Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541, 130 S. Ct. 2485, 2489 (2010).  An amendment can relate back to the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).

A critical issue in determining whether an amendment relates back to the original complaint is whether the original complaint gave the defendant notice of the claim asserted in the amendment.  Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993).  In Moore, this Court determined that the amended claim did not involve the same conduct, transaction, or occurrence as those raised in the original complaint because (1) the original complaint did not refer to the new allegations of negligence, (2) the original complaint focused on acts that occurred before a surgery, and (3) the amended complaint focused on acts that occurred during and after that surgery.  Id. at 1132.

5

Plaintiff Walker does not dispute that his amended complaint, which included a claim of retaliation for protected conduct, was filed more than 90 days after he received his right-to-sue letter.   In his original complaint, Walker did not mention the protected conduct alleged in the amended complaint, nor did he mention the alleged adverse actions taken against him by the School District.

The district court did not abuse its discretion by concluding that the retaliation claim in Walker's amended complaint did not arise from the conduct, transaction, or occurrence stated in the original complaint, since a liberal construction of Walker's pro se complaint cannot be used to rewrite it to include facts that were excluded.   Campbell, 760 F.3d at 1168-69.   Therefore, we affirm the district court's dismissal of the retaliation claim as time-barred.

## B.    The Wage Discrimination Claim

Title VII prohibits an employer from discriminating against an individual by providing that individual lower compensation because of his or her race.   42 U.S.C. § 2000e-2(a)(1).   A plaintiff may prove such a discrimination claim either by showing direct evidence of discrimination or by indirect evidence, in which instance the burden-shifting framework outlined in McDonnell Douglas applies. Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1358 (11th Cir. 1999) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973)).

To state a prima facie case of wage discrimination under Title VII, plaintiff Walker must show that: (1) he belongs to a racial minority; (2) he received low wages; (3) similarly situated comparators outside the protected class received higher compensation; and (4) he was qualified to receive a higher wage. Cooper v. S. Co., 390 F.3d 695, 734-35 (11th Cir. 2004), overruled on other grounds by Ash v. Tyson Foods, Inc., 546 U.S. 454, 457, 126 S. Ct. 1195, 1197 (2006); see Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1529 (11th Cir. 1992) (applied to gender-based wage discrimination claim). In both race-based wage discrimination cases and gender-based wage discrimination cases, this Court has required the plaintiff to present a comparator who received higher compensation in order to establish a prima facie case. See Cooper, 390 F.3d at 735; Meeks v. Computer Assocs. Int'l, 15 F.3d 1013, 1019 (11th Cir. 1994).

Here, Walker did not present a prima facie case of wage discrimination because he failed to present a comparator who received higher compensation. Kirsten VanWagner, the proposed comparator, and plaintiff Walker taught the same number of courses at Bear Creek Middle School and Creekside High School during the 2008-2009 school year. It is undisputed that Walker was paid more than VanWagner. Therefore, Walker cannot use VanWagner as the comparator to establish his prima facie case. See Cooper, 390 F.3d at 735.

Furthermore, the district court properly held that the defendant School District carried its burden of articulating legitimate, non-discriminatory reasons for its compensation decisions as to Walker and VanWagner. Bear Creek Middle School's principal, Darron Franklin, testified that the school's limited budget allowed a full-time position for VanWagner, a drama teacher at Bear Creek, but did not allocate a full-time position for Walker, an orchestra teacher at Bear Creek. Eighty percent of Walker's salary was paid by Bear Creek for his position there, while twenty percent was paid by Creekside in order to make his School District teaching position full-time.[2] Principal Franklin could not use discretionary funds to establish a full-time position for Walker at Bear Creek because he needed to prioritize maintenance of the school building and core academic subjects. Walker's arguments and evidence did not rebut Franklin's testimony. Plaintiff Walker presents no evidence that Franklin or any other decisionmaker considered plaintiff Walker's race in assessing his compensation.

The district court did not err in concluding that plaintiff Walker presented no genuine issue of fact for trial and thus did not err in granting summary judgment to the defendant School District. See Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1088 (11th Cir. 2004) (stating that the plaintiff may not simply recast the

---

[2]As noted above, plaintiff Walker's total compensation remained greater than VanWagner's.

8

defendant's non-discriminatory reason, but rather must "meet it head on and rebut it.")

## IV.  CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal of Walker's retaliation claim and the district court's grant of summary judgment to the School District on Walker's wage discrimination claim.

**AFFIRMED.**