16-2814-cv
*Singh v. NYCTL 2009-A Trust, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand seventeen.

PRESENT:    JOSÉ A. CABRANES,
              RICHARD C. WESLEY,
                    *Circuit Judges*,
              WILLIAM K. SESSIONS III,
                    *District Judge.*[*]

POWAN K. SINGH,

        *Plaintiff-Appellant*,               16-2814-cv

        v.

NYCTL 2009-A TRUST, NYCTL 1998-2 TRUST,
NYCTL 2011-A TRUST, NYCTL 2012-A TRUST,
BANK OF NEW YORK MELLON, TOWER CAPITAL
MANAGEMENT, LLC, PLYMOUTH PARK TAX
SERVICES LLC, DBA XSPAND, MTAG SERVICES, LLC,
AND MOORING TAX ASSET GROUP, LLC,

        *Defendants-Appellees*.

---

[*] Judge William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**  PAUL STUART GROBMAN, New York, NY.

**FOR DEFENDANTS-APPELLEES:**  CHRISTIAN J. PISTILLI (Robert D. Wick and Kathryn Cahoy, *on the brief*), Covington & Burling LLP, Washington, DC.

Appeal from a July 20, 2016 order of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Powan K. Singh appeals from a July 20, 2016 order dismissing his claims against defendants-appellees NYCTL 2009-A Trust, NYCTL 1998-2 Trust, NYCTL 2011-A Trust, NYCTL 2012-A Trust, Bank of New York Mellon, Tower Capital Management, LLC, Plymouth Park Tax Services LLC ("XSpand"), Mtag Services, LLC, and Mooring Tax Asset Group, LLC. Singh alleged that the defendants improperly sought to collect attorneys' fees and costs incurred in connection with their efforts to foreclose on a tax lien on his property. Singh argues that, prior to entry of a final judgment, New York law prohibits the defendants from seeking attorneys' fees and costs as part of the settlement of a foreclosure action. On that basis, Singh sought damages from the defendants for himself and a putative class under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, New York General Business Law § 349, and New York common law. On July 20, 2016, the District Court dismissed each of Singh's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

We review *de novo* a dismissal of a complaint under Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The District Court dismissed all of Singh's claims on three different grounds: (1) that under New York law, attorneys' fees and costs are collectable prior to the entry of a final foreclosure

judgment; (2) that the *Noerr-Pennington* doctrine bars all of Singh's claims; and (3) that each of Singh's claims were inadequately pleaded.[1] On appeal, Singh contests each of these holdings.

We need not address Singh's arguments concerning New York law or the adequacy of his pleadings because all of his claims are barred by the *Noerr-Pennington* doctrine. Established by the United States Supreme Court in *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961), and *United Mine Workers of America v. Pennington*, 381 U.S. 657 (1965), this First Amendment doctrine protects efforts to influence governmental action through litigation and lobbying. Although the doctrine first arose in the context of petitions for anti-competitive legislation, the *Noerr-Pennington* doctrine encompasses all petitioning activity, including "concerted actions before courts and administrative agencies" and "concerted efforts incident to litigation, such as pre-litigation threat letters and settlement offers." *Primetime 24 Joint Venture v. Nat'l Broad. Co.*, 219 F.3d 92, 99–100 (2d Cir. 2000) (internal quotation marks and citations omitted). While litigation-related communications "are not literally petitions to the government," they are "a preliminary step to resort to litigation if necessary" and "therefore fall[ ] within the protection of the *Noerr-Pennington* doctrine." *Id.* at 100. Here, each of Singh's claims is predicated on the defendants' alleged misrepresentations in demand letters, default letters, and settlement communications. These claims are barred under the *Noerr-Pennington* doctrine. *Id.*; *see also Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 942 (9th Cir. 2006) (applying *Noerr-Pennington* immunity to litigation communication against RICO claim). Accordingly, Singh's claims are barred.

Though Singh contends otherwise, his claims do not fall under the "sham" exception to the *Noerr-Pennington* doctrine. The sham exception applies only where the litigation is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 60 (1993). We agree with the District Court that the foreclosure litigation against Singh was not objectively baseless because Singh admitted that he failed to pay the taxes on his property. Moreover, the defendants' interpretation of New York law to authorize the recovery of attorneys' fees and costs is not objectively baseless given that at least one federal court had agreed with that interpretation. *See Boyd v. J.E. Robert Co.*, No. 05-cv-2455, 2012 WL 4718823, at *9–11 (E.D.N.Y. Aug. 27, 2012) (report and recommendation), *adopted as modified*, 2012 WL 4718723 (E.D.N.Y. Oct. 2, 2012). Indeed, Singh concedes in his opening brief that New York City Administrative Code § 11-335 "arguably authorizes a party to demand attorney's fees after a foreclosure action has commenced but before judgment." Pl. Br. at 18.

---

[1] The claims we discuss here arise solely from the foreclosure action on Singh's property at 1062 Liberty Avenue, Brooklyn, NY. Singh does not appeal the District Court's dismissal of his claims arising from the foreclosure of his property at 435 Autumn Avenue, Brooklyn, NY.

Singh also cites a number of cases arising under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, in support of his argument. For the reasons stated by the District Court, we find Singh's FDCPA arguments unavailing.

## CONCLUSION

We have reviewed all of the arguments raised by Singh on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 20, 2016 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4