NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200385-U

NO. 4-20-0385

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 23, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JOSHUA MURPHY, | ) | Appeal from the |
| Plaintiff, | ) | Circuit Court of |
| v. | ) | Clark County |
| JESSICA WELLS and KENNETH WELLS & SONS | ) | No. 16L6 |
| LLC, | ) | |
| | ) | |
| Defendants | ) | |
| (Kenneth Wells & Sons LLC, Defendant-Appellee) | ) | |
| | ) | Honorable |
| | ) | Tracy W. Resch, |
| (Blackburn and Green, Intervenor-Appellant). | ) | Judge Presiding. |

---

JUSTICE CAVANAGH delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court did not err in entering summary judgment when there remained no genuine issue of material fact that defendant knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against defendant so as to trigger the application of the relation-back doctrine.

¶ 2        Plaintiff, Joshua Murphy, filed a personal injury lawsuit against defendant Jessica Wells after her vehicle collided with his motorcycle. Because Wells was at the time of the accident delivering lunch to her fellow employees, Murphy named her employer as a defendant as well. However, it was not until after the two-year statute of limitations expired that Murphy discovered Wells did not work for the employer named in the lawsuit. Murphy amended his complaint to name defendant Kenneth Wells & Sons (KWS) as Wells's employer in the lawsuit.

¶ 3     Upon KWS's motion, the trial court granted summary judgment in KWS's favor, finding KWS did not have notice of the commencement of the lawsuit until the applicable two-year statute of limitations had expired. Murphy's original counsel, who had since withdrawn from representation, appellant Blackburn and Green, sought and was granted leave to intervene when it discovered Murphy did not intend to appeal the entry of summary judgment in favor of KWS.

¶ 4     Appellant appeals from the trial court's order granting summary judgment, claiming a question of material fact remains as to whether KWS knew or should have known it would have been sued but for Murphy's mistake. We disagree with appellant and affirm the order granting summary judgment.

¶ 5                                    I. BACKGROUND

¶ 6     On June 21, 2014, Murphy was riding his motorcycle in Clark County when he was hit by a vehicle driven by defendant Jessica Wells. (Hereinafter, we will refer to defendant by her first name for clarity.) Jessica was on her way to deliver lunch to her fellow employees. She was driving her own vehicle and, as a result of the accident, received a citation for failure to yield. Jessica gave the lunches to the mail carrier, who delivered them to the employees. The mail carrier told Jessica's boss, her brother Robert Wells (Robert), about the accident.

¶ 7     Murphy retained the services of an attorney who, on May 26, 2016, filed a timely personal injury complaint against Jessica. The complaint also named as defendants Forsythe Family Farms, Inc., Gerald Forsythe, and Forsythe Family Farms Alpacas (Forsythe defendants), and alleged Jessica was a "duly authorized agent" for those entities. Murphy mistakenly believed Jessica worked for the Forsythe defendants at the time of the accident.

¶ 8     On August 11, 2016, the Forsythe defendants filed a motion to dismiss, claiming no liability because, at the time of the accident, Jessica was not their employee. The motion was

supported by an affidavit, wherein Jessica stated she was last employed by the Forsythe defendants in February 2014 and further stated, at the time of the accident, she was employed by KWS. In November 2016, the Forsythe defendants were dismissed from the lawsuit.

¶ 9    On May 24, 2017, Murphy filed a motion for leave to amend the complaint to include KWS as a defendant. He alleged Jessica had stated in her May 12, 2017, deposition (1) she was acting within the scope of her employment with KWS at the time of the accident, (2) she notified KWS, presumably Robert, of the accident immediately thereafter, and (3) she personally notified KWS of the lawsuit. Murphy asked the trial court for permission to add KWS "as a party and relate back said [a]mendment to the original date of filing May 26, 2016." The court granted leave and the amended complaint adding KWS was filed *instanter*.

¶ 10    In response, KWS filed a motion to dismiss, claiming the two-year statute of limitations barred any action for damages stemming from the June 2014 accident. Murphy responded, claiming the "relation-back" doctrine of section 2-616(d) of the Illinois Code of Civil Procedure (Code of Civil Procedure) (735 ILCS 5/2-616(d) (West 2016)) saved the timeliness of his amendment. In January 2018, the trial court agreed with Murphy and denied KWS's motion to dismiss, finding some evidence that KWS received notice of the action and that it would not suffer prejudice in maintaining a defense on the merits.

¶ 11    As of October 2017, attorneys from appellant law firm, Blackburn and Green, had entered an appearance on behalf of Murphy. Murphy was also represented by Elman Law Group. Both firms withdrew their appearances in January 2020 and filed a joint notice of attorney lien. Murphy was thereafter represented by William R. Tapella. (We note Murphy is not a party to this appeal.)

¶ 12        On January 18, 2019, KWS filed a motion for summary judgment, claiming no issue of material fact remained in dispute. KWS claimed it was not added as a party defendant until after the applicable two-year statute of limitations had expired. It supported its motion with testimony from Robert's and Jessica's depositions. Jessica had been deposed again on October 26, 2018. In that deposition, she stated she had *not* notified KWS of the lawsuit. Robert testified he was not aware of the lawsuit until KWS was added as a party in June 2017, three years after the accident.

¶ 13        On March 6, 2019, Murphy filed a response to the motion, claiming the relation-back doctrine applied and thus, his addition of a new party to the lawsuit after the expiration of the statute of limitations was allowed. He claimed KWS had constructive notice of the lawsuit when it was originally filed and, as a result of that notice, it was not prejudiced by the late addition.

¶ 14        On March 27, 2020, KWS filed an affidavit of Jessica, wherein she stated that since her depositions, she had reviewed the original summons and, based on her review, she recalled being served on June 24, 2016, with the summons at her home in Moline, Rock Island County, not at her home in West Union, Clark County.

¶ 15        On March 30, 2020, KWS filed its second motion for summary judgment, relying on Jessica's affidavit. Again, KWS argued it had no notice of the lawsuit until it was added as a defendant.

¶ 16        After a hearing and taking the matter under advisement, on May 27, 2020, the trial court granted summary judgment in favor of KWS. Upon KWS's request, on June 17, 2020, the court entered an order pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), finding there was no just reason to delay either the enforcement or appeal, or both, of its ruling.

¶ 17    On July 29, 2020, appellant filed a motion to intervene, claiming Murphy indicated he was not appealing the summary judgment but intended instead to file a legal malpractice claim against appellant. In light of Murphy's declaration of his intent to file a legal malpractice claim against appellant in lieu of an appeal, appellant alleged it would incur financial loss "by direct legal operation and effect of the judgment in this action." Based on the perceived inadequate protection of appellant's financial interests by Murphy, appellant requested leave to intervene. On August 11, 2020, the trial court granted appellant's motion.

¶ 18    This appeal followed.

¶ 19    II. ANALYSIS

¶ 20    A. Summary Judgment

¶ 21    "Summary judgment is appropriate 'if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Wingert v. Hradisky*, 2019 IL 123201, ¶ 42 (quoting 735 ILCS 5/2-1005(c) (West 2016)). "The purpose of summary judgment is not to try an issue of fact but to determine whether one exists." *Monson v. City of Danville*, 2018 IL 122486, ¶ 12. "[W]here reasonable persons could draw divergent inferences from the undisputed material facts or where there is a dispute as to a material fact, summary judgment should be denied and the issue decided by the trier of fact." (Internal quotation marks omitted.) *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 22. "In ruling on a motion for summary judgment, we must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent." *Id.* "The purpose of summary judgment is to determine whether a genuine issue of material fact exists, not to try a question of fact." *Thompson v. Gordon*, 241 Ill. 2d 428, 438 (2011). Thus, here, we must determine whether KWS has

established that no question of material fact exists. On appeal, the trial court's summary judgment ruling is subject to *de novo* review. *Monson*, 2018 IL 122486, ¶ 12.

¶ 22                                    B. Relation-Back Doctrine

¶ 23            The parties agree that Murphy's claim against KWS is barred by the two-year statute of limitations of section 13-202 of the Code of Civil Procedure (735 ILCS 5/13-202 (West 2016)) unless the claim relates back to the date of filing of the original timely filed complaint. Section 2-616(d) of the Code of Civil Procedure (735 ILCS 5/2-616(d) (West 2016)) governs the relation-back doctrine and provides in relevant part as follows:

"A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and *knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her*; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition

precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." (Emphasis added.) 735 ILCS 5/2-616(d) (West 2016).

¶ 24 In 2002, the legislature amended section 2-616(d) to mirror Rule 15(c) of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 15(c)). See *Compton v. Ubilluz*, 351 Ill. App. 3d 223, 233 (2004). See also *Borchers v. Franciscan Tertiary Province of Sacred Heart, Inc.*, 2011 IL App (2d) 101257, ¶ 42; *Maggi v. RAS Development, Inc.*, 2011 IL App (1st) 091955, ¶ 28. As a result, the language of the amended section 2-616(d) is substantially similar to that of Rule 15(c), which provides that an amended pleading naming a new party will relate back to the filing date of the original pleading if the claims or defenses asserted in the amended pleading are the same as those in the original and, within the limitations period for the claim plus the time allowed for service of the pleading, the new party (1) "received such notice of the action that it will not be prejudiced in defending on the merits," and (2) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C) (eff. Dec. 1, 2009).

¶ 25 Due to the similarities between these provisions, Illinois courts have looked to federal precedent interpreting Rule 15(c)(1)(C) for guidance. See, *e.g.*, *Borchers*, 2011 IL App (2d) 101257, ¶ 45; *Maggi*, 2011 IL App (1st) 091955, ¶ 28; *Polites v. U.S. Bank National Ass'n*, 361 Ill. App. 3d 76, 88 (2005). A pivotal federal case on the relation-back doctrine is *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010), where the United States Supreme Court held that

"relation back under Rule 15(c)(1)(C) depends on what the party to be added [as a defendant] knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."

¶ 26        In *Krupski*, the plaintiff was injured on a cruise ship. *Id.* There were two companies that were potentially responsible for operating the cruise ship: Costa Cruise and Costa Crociere. *Id.* at 542-43. Shortly before the expiration of the limitations period, the plaintiff sued Costa Cruise, alleging that it operated the ship. *Id.* at 543. During discovery and after the limitations period had expired, Costa Cruise informed the plaintiff it was not the proper defendant because Costa Crociere actually operated the vessel. *Id.* at 543-44. The plaintiff then dismissed Costa Cruise from the lawsuit and added Costa Crociere as the defendant. *Id.* at 544.

¶ 27        The trial court dismissed the amended complaint as untimely, refusing to relate it back to the original complaint and reasoning that "the word 'mistake' should not be construed to encompass a deliberate decision not to sue a party whose identity the plaintiff knew before the statute of limitations had run." *Id.* at 545. The Eleventh Circuit affirmed, noting that the plaintiff knew or should have known of the existence of Costa Crociere and that the plaintiff was not diligent in filing her amended complaint. *Id.* at 546.

¶ 28        The Supreme Court reversed, reasoning that the focus should not be on what the plaintiff knew but rather, what the prospective defendant knew or should have known. *Id.* at 548. The Court stated "[t]he reasonableness of the mistake is not itself at issue." *Id.* at 549. Instead, the inquiry should have been whether the defendant should have reasonably believed the plaintiff made a mistake in not naming him initially. *Id.*

¶ 29        In a case of mistaken identity, as opposed to a case involving a misnomer, a court needs to analyze the three factors set forth in section 2-616(d) to determine whether plaintiff's

amended complaint relates back to the date of filing of his original complaint. *Maggi*, 2011 IL App (1st) 091955, ¶ 23. Because it is apparent and undisputed that Murphy intended to name Jessica's employer as a defendant and would have named KWS as such but for a mistake believing Jessica worked for the Forsythe defendants at the time of the accident, this is a case of mistaken identity where the three factors must be considered. The first and third factors are not at issue. Our focus is on only the second factor—the timely notice requirement.

¶ 30                                    C. This Case

¶ 31        The question before us is whether there remains any genuine or material question of fact about what KWS knew or should have known at the time the original complaint was filed so as to trigger application of the relation-back doctrine. If there exists a genuine or material question of fact, then summary judgment in KWS's favor was improper.

¶ 32        In its summary judgment order, the trial court relied on two principles of law: (1) a principal and agent relationship and (2) constructive notice. The court found "no genuine issue of material fact that preclude[d] a finding that, as a matter of law, service of process on Jessica Wells on June 24, 2016, did not constitute service of process on [KWS]." Meaning, KWS was not notified of the lawsuit by virtue of service of process on Jessica as its agent. The court also determined that Murphy failed to present evidence that Jessica "was an employee highly enough placed within the corporate defendant, [KWS], to permit the conclusion that the interests of Jessica Wells are identical to the interests of the corporate defendant." See *Owens v. VHS Acquisition Subsidiary Number 3, Inc.*, 2017 IL App (1st) 161709, ¶ 45. In other words, the court stated, Jessica's status as an employee did not rise to the level that would satisfy constructive notice to KWS upon her service of summons.

¶ 33    In granting summary judgment, the trial court found "as a matter of law that defendant, [KWS], did not have notice of the commencement of the cause of action within the statutory period established for commencement of the original action as required for application of the 'relation-back' doctrine[.]" Although we agree with the ultimate result, the trial court's reasoning and finding do not address a critical element of the second factor. The issue on appeal is whether there remains a question of fact that KWS knew or should have known *it would have been sued* but for Murphy's mistake in naming the Forsythe defendants.

¶ 34    The record is completely devoid of any evidence to support application of the relation-back doctrine with regard to this critical element of the second statutory factor. Section 2-616(d) of the Code of Civil Procedure provides in relevant part that, in order for KWS to be added as a party beyond the time permitting, it "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her." 735 ILCS 5/2-616(d) (West 2016).

¶ 35    In construing the pleadings, depositions, admissions, and affidavits strictly against KWS and liberally in favor of Murphy, as we are required to do, we discern that Jessica told Robert she had been sued presumably sometime after June 24, 2016, as that was the date she was served. In her May 12, 2017, deposition, Jessica testified she did not give Robert or anyone from KWS "a copy of the lawsuit" because she was not living in Clark County at the time she was sued and "the paper" did not "have them in it." Robert testified he did not know about the lawsuit until approximately June 2017. He said prior to May 2016 when Jessica moved to Moline, no one had given him any notice that Jessica was being sued or "that there was a claim being made against the corporation relative to what happened on 21 June of 2014." The first Robert knew about Jessica's employer being sued was in June 2017 when he received "legal notice" of the lawsuit in the mail.

¶ 36 On this record, there is absolutely no evidence to support the conclusion that Robert or KWS knew or should have known before June 2017 that Jessica's employer, regardless of who was named in the lawsuit, was being sued. There *was* evidence in the record addressing *part* of the second factor, *i.e.*, that KWS received "notice of the commencement of the action," but the statute requires more. The statute *additionally* requires that KWS knew or should have known in a timely manner that *it would have been sued* but for the mistaken identity of Jessica's employer.

¶ 37 Thus, this court finds the second factor of section 2-616(d) is not satisfied. No evidence shows that KWS knew or should have known, within the statute-of-limitations period plus the time for service permitted under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007), that it would be a party to the action or that the action would have been brought against it had it not been for the mistaken identity of Jessica's employer. Although we disagree with the trial court's reasoning, we find summary judgment is appropriate here because there is a lack of sufficient evidence to prove an essential statutory factor. See *Cornerstone Bank & Trust, N.A. v. Consolidated Grain & Barge Co.*, 2011 IL App (4th) 100715, ¶ 24 ("In determining whether the trial court reached the proper result, we need not confine ourselves to the court's rationale but may instead affirm the grant of summary judgment on any basis supported by the record.")

¶ 38                                    III. CONCLUSION

¶ 39 For the foregoing reasons, we affirm the trial court's order granting summary judgment.

¶ 40 Affirmed.