**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 28, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

EDITH BARKER,

    Plaintiff - Appellant,

v.

UTAH DEPARTMENT OF
ENVIRONMENTAL QUALITY;
AMANDA SMITH; BRAD JOHNSON;
RUSTY LUNDBERG,

    Defendants - Appellees.

No. 21-4024
(D.C. No. 1:18-CV-00061-TC)
(D. Utah)

_____

## ORDER AND JUDGMENT[*]

_____

Before **McHUGH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.

_____

Edith Barker, pro se, appeals the district court's dismissal of her amended complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

Ms. Barker worked as an Environmental Program Coordinator in the Utah Division of Waste Management and Radiation Control, which is a division of the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Utah Department of Environmental Quality (DEQ).  In 2013, Ms. Barker filed a civil action against DEQ and several of its employees, including DEQ's Executive Director, Amanda Smith, and Division Director of Radiation Control, Rusty Lundberg.  That action included claims against DEQ for hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964.  The parties settled the case in March 2015.  About a month later, Ms. Barker received notice that her position would be terminated due to a reduction in force.  Her last day of employment was May 20, 2015.

The termination of her employment led Ms. Barker to file this action and two others in June 2018.  In her initial complaint in this action, she named as defendants the State of Utah and the Utah Attorney General (UAG), and she asserted claims under Title VII and 42 U.S.C. § 1983.  Defendants filed a motion to dismiss, which the district court granted.  The court ruled that sovereign immunity barred the § 1983 claim and that Ms. Barker failed to timely exhaust administrative remedies for the Title VII claim.  But the court gave her an opportunity to establish timely exhaustion of administrative remedies for her Title VII claim.  In its order on Ms. Barker's subsequent motion for leave to amend, the court allowed her to assert only Title VII and § 1983 claims against only the DEQ and three individual defendants—Ms. Smith, Mr. Lundberg, and DEQ Deputy Director Brad Johnson.  The court denied leave to amend the complaint to include a claim under the Family Medical Leave Act (FMLA) because the statute of limitations barred any such claim.

Ms. Barker filed her amended complaint on July 15, 2020, asserting a Title VII claim against the DEQ and a § 1983 claim against Ms. Smith, Mr. Lundberg, Mr. Johnson, and four other individuals. She based these claims on allegations that defendants retaliated against her for filing her 2013 action by engaging in a series of hostile activities (including increased scrutiny of her performance) culminating in termination of her employment. She also asserted two claims under the Americans with Disabilities Act (ADA) based on her use of FMLA leave.

Defendants filed a motion to dismiss the amended complaint, which the district court granted. The court dismissed the ADA claims because, as Ms. Barker conceded in her response to the motion to dismiss, they were not permitted under the court's order allowing her to amend her complaint. The court dismissed the Title VII claim for two alternative reasons. First, Ms. Barker did not name the DEQ in this action within the statutory 90-day period, and her amended complaint did not relate back to her original complaint. Second, she did not file her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within the prescribed 300-day period. Finally, the court dismissed the § 1983 claim because Ms. Barker's allegations were conclusory and failed to identify what each individual defendant did to violate her rights. Ms. Barker appeals.

## II. STANDARD OF REVIEW

We review de novo the district court's dismissal of a complaint under Rule 12(b)(6). *Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 700 (10th Cir. 2014). "To survive a motion to dismiss, a plaintiff must plead facts sufficient to state a claim

to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "[W]e must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted).

### III. DISCUSSION

**A.    ADA claims**

"The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Ms. Barker made no attempt to carry out that task with regard to the dismissal of her ADA claims. She asks us to "reinstate[]" those claims. Aplt. Opening Br. at 4. But she does not explain why she thinks the district court erred in dismissing them on the ground that, as she had conceded in her response to the motion to dismiss, the court's order limited her to filing an amended complaint raising only Title VII and § 1983 claims. Her entire opening-brief argument is that she "conceded the ADA claims were not permitted against the State of Utah under sovereign immunity; however, she objected to the Defendants having sovereign immunity and argued that her ADA claims are proper against the defendants." *Id.* at 2. Her reply-brief argument also fails to address the basis of the district court's ruling, let alone establish that the district court erred.

Although we must construe Ms. Barker's pro se filings liberally, we may not act as her advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And we have "repeatedly insisted that pro se parties follow the

4

same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted). Thus, because Ms. Barker has failed to confront the basis for the district court's dismissal of her ADA claims, she has waived appellate review of the issue. *See id.* at 841 (explaining that inadequately briefed issues "will be deemed waived").

## B.    Title VII claim

As noted, the district court dismissed Ms. Barker's Title VII claim for two independent reasons. To prevail on appeal, Ms. Barker must establish that neither reason supported dismissal. Because we conclude the district court correctly dismissed the Title VII claim on the ground that the amended complaint was untimely with regard to the DEQ, we need not address Ms. Barker's arguments regarding the propriety of dismissal for failure to file a timely EEOC charge.

"Under 42 U.S.C. § 2000e-5(f)(1) a complainant has ninety days in which to file suit after receipt of an EEOC right-to-sue letter." *Witt v. Roadway Exp.*, 136 F.3d 1424, 1429 (10th Cir. 1998). Ms. Barker does not take issue with the district court's ruling that she did not name the DEQ in this action within the 90-day period. But she does contest the ruling that her amended complaint does not relate back to her initial complaint. We agree with the district court's conclusion.

Federal Rule of Civil Procedure 15(c) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading"; when it does relate back, the amended pleading itself is "timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Where an amended pleading changes a party or a party's name,

5

Rule 15(c) requires, among other things, that "within the period provided by [Fed. R. Civ. P.] 4(m) for serving the summons and complaint, the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).[1] "[R]elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski*, 560 U.S. at 541. In other words, "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Id.* at 548. The focus is on "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant." *Id.* at 554.

Rule 4(m) requires service "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). The DEQ had no reason to believe, during that 90-day period, that Ms. Barker's failure to initially name it as a defendant in this action was due to a mistake concerning the DEQ's identity. First, in her original complaint, Ms. Barker identified as defendants only the State of Utah, the UAG, and various UAG

---

[1] Rule 15(c)(1)(C) also provides that the party to be brought in by amendment must have "received such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). The DEQ did not rely on this condition in seeking dismissal, and the district court did not rely on it in the dismissal order.

departments, divisions, sections, and investigators.  Second, she identified DEQ

employees Smith and Lundberg (defendants in the amended complaint) as

"investigators" the UAG used to scrutinize her, R. at 7, but she issued summonses

only to the State of Utah and the UAG.  Third, and significantly, Ms. Barker named

the DEQ as a defendant in one of the two other actions she filed close in time to this

one, alleging the DEQ and the State of Utah were her employers within the meaning

of Title VII.  *See* Complaint at 1, 3, *Barker v. Utah Dep't of Envtl. Quality*,

No. 1:18-cv-00068-DB (D. Utah June 14, 2018), ECF No. 3.[2]  That action was based

on the same alleged events and wrongful conduct as this action.  *See id.* at 2, 7-12.

Furthermore, Ms. Barker had named the DEQ as a Title VII defendant in her 2013

action.  Thus, because Ms. Barker had named the DEQ in both a contemporaneous

Title VII action arising from the same alleged conduct and a prior Title VII action, it

was reasonable during the Rule 4(m) period for the DEQ to believe her failure to

name it in her original complaint in this action was not due to a mistake regarding the

identity of the proper defendant but the product of an informed choice.[3]  *See Krupski*,

560 U.S. at 549 (explaining "that making a deliberate choice to sue one party instead

---

[2] We elect to take judicial notice of these proceedings.  *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

[3] For the sake of argument, we have assumed the DEQ was Ms. Barker's employer within the meaning of Title VII and therefore the proper defendant to the Title VII claim.

of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity").

In light of this analysis, we reject Ms. Barker's arguments that she did not know who the proper defendant was and that the DEQ knew or should have known it was a defendant in this action because she served this and her two contemporaneous 2018 suits on the UAG, who represents the DEQ. We also reject her reliance on the fact that she listed all of the defendants in the body of her complaint in this and the other suits she filed in 2018. The DEQ was not among the defendants referenced in the original complaint in this action, Ms. Barker referred to Ms. Smith and Mr. Lundberg as investigators for named defendant UAG, and as just discussed, listing the DEQ as a defendant in one of her other suits leads to the conclusion that it was reasonable for the DEQ to believe its omission from the original complaint in this action was not due to a mistake regarding the proper party's identity. Finally, we find unpersuasive her argument that the amended complaint relates back to the original complaint because her "2016 EEOC complaints were identical or nearly identical against" "the State of Utah, the DEQ, the [Department of Human Resource Management], and the Utah Attorney General." Aplt. Reply Br. at 6.[4] The substance

---

[4] Although Ms. Barker refers in the plural to "2016 EEOC complaints," there is only one 2016 EEOC charge in the record. That charge, which concerns the conduct alleged in this case, names the State of Utah as the respondent but also identifies the DEQ as a "co-Respondent." R. at 18. The only other EEOC charge in the record names the DEQ, but it alleges other unlawful conduct (retaliation and gender and religious discrimination) occurring in 2011. *See* R. at 500.

of Ms. Barker's EEOC charges is of no consequence given that she named the DEQ in her 2013 action and one of her three 2018 actions, but not this one.

## C.    § 1983 claim

We also find no error in the district court's dismissal of Ms. Barker's § 1983 retaliation claim against Ms. Smith, Mr. Lundberg, and Mr. Johnson for failure to allege sufficient facts showing what each individual defendant did to violate her rights.

To survive a motion to dismiss in a § 1983 case like this one, where the defendants include "a number of government actors sued in their individual capacities," it is "particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). And as in *Robbins*, Ms. Barker's amended complaint uses "either the collective term '[§ 1983] Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom." *Id.* at 1250.

Even more problematic, Ms. Barker included four other individuals who are not named as defendants in her definition of "§ 1983 Defendants" and she often included one or more of them when listing multiple individuals and describing what the listed individuals had allegedly done to violate her rights. *See, e.g.*, R. at 295 ("Rusty Lundberg, Amanda Smith, Craig Jones, Brad Johnson, Dana Powers, and

9

Scott Baird participated in the malicious and bad faith scrutiny.").[5]  And in those few instances where she isolated Ms. Smith, Mr. Lundberg, or Mr. Johnson, she provided only conclusory statements, not plausible allegations that any of them retaliated against her for having brought her 2013 action.  *See id.* ("Rusty Lundberg used the malicious and bad faith scrutiny and investigations as a pretext to recommend eliminating Ms. Barker's position . . . ."); R. at 297 (alleging that instead of giving increased scrutiny to a program that had received a federal deficiency notice, "Mr. Lundberg . . . selected Ms. Barker and her programs, and then used efficiency scrutiny to recommend . . . that [she] be terminated"); *id.* ("Amanda Smith and Brad Johnson . . . maliciously terminated Ms. Barker's employment."); R. at 298 ("Ms. Smith timed Ms. Barker's last day to coincide with [Ms.] Smith's last day . . . .").[6]

For these reasons, we conclude the amended complaint "fails to isolate the allegedly unconstitutional acts of each defendant, and thereby does not provide adequate notice as to the nature of the claims against each." *Robbins*, 519 F.3d at 1250.

Ms. Barker's appellate argument is limited and unpersuasive.  She contends that she made "factual arguments," Aplt. Opening Br. at 3, that she needs discovery

---

[5] In response to defendants' motion to dismiss the amended complaint, Ms. Barker agreed her § 1983 claims were against only Ms. Smith, Mr. Johnson, and Mr. Lundberg.

[6] Although these examples are set out in her Title VII claim, Ms. Barker incorporated them by reference into her § 1983 claim.

"to collect facts," *id.*, and that sworn testimony from the individual defendants in a 2015 trial before the Utah Career Service Review Office corroborates her allegations. But as just discussed, her factual allegations are insufficient.  Further, she had first-hand knowledge of the factual basis of her claims, and she was the grievant in the trial before the Review Office.  We therefore fail to see why Ms. Barker required the individual defendants' depositions or the transcripts of the trial before the Review Office in order to allege facts sufficient to state a plausible § 1983 claim.[7]

### IV.  CONCLUSION

The district court's judgment is affirmed.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[7] We note that portions of those transcripts were appended to the motions to dismiss filed in this case, suggesting Ms. Barker could have accessed them if she thought it necessary to drafting her amended complaint.

11