No. 23-6552
*Gudanowski v. Burrell*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of July, two thousand twenty-four.

PRESENT:    Steven J. Menashi,
            Eunice C. Lee,
            Alison J. Nathan,
                 *Circuit Judges.*

_____

Paul T. Gudanowski,

        *Plaintiff-Appellant*,

    v.                                          No. 23-6552

Darryl M. Burrell, Trooper, Gregory Maxwell, Trooper, Francisco E. Madera, Andrew T. Bukovinsky, Trooper, William R. Payne, Trooper,

*Defendants-Appellees,*

John Doe, N.Y. State Trooper, John Doe, East Rutherford N.J. Police Officer, Brian C. Montague, Officer, Kevin J. Felten, Officer,

*Defendants.*[*]

_____

| | |
|---|---|
| *For Plaintiff-Appellant:* | DANIEL GINZBURG, Ginzburg Law Firm, P.C., Freehold, New Jersey. |
| *For Defendants-Appellees*: | DAVID LAWRENCE III, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED.**

This appeal presents a single issue: whether the plaintiff's second amended complaint ("SAC") relates back to his original John Doe complaint under Federal Rule of Civil Procedure 15(c)(1)(A) or (C). It is undisputed that this action would

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

be timely if the SAC related back to the original complaint and untimely if it did not. Plaintiff-Appellant Paul T. Gudanowski brought a 42 U.S.C. § 1983 claim against certain New York and New Jersey law enforcement officers, including the five defendants-appellees, asserting that they violated his Fourth, Eighth, and Fourteenth Amendment rights by using excessive force when they arrested him. The district court held that the SAC did not relate back to the original complaint and that the action was therefore time-barred. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

**I**

On New Year's Day of 2017 in Hackensack, New Jersey, Gudanowski stole a tow truck owned by Bergen Brookside Towing and took it for a "joyride." J. App'x 95. The next morning, Gudanowski attempted to return the truck to the place where he found it, but he became frightened when he saw another Bergen Brookside Towing truck and was confronted by the driver. Gudanowski then "took off" and was pursued by New Jersey police and New York state troopers into New York. *Id.* at 98-100. The officers eventually cornered Gudanowski and forced him to stop the truck. The officers then surrounded the truck with their weapons drawn and ordered Gudanowski to exit the vehicle. When Gudanowski failed to do so, the officers pulled him through the driver's side window and subdued him on the ground. Gudanowski alleges that the officers used excessive force when they arrested him.

Gudanowski claims that he began trying to learn the names of the officers who arrested him while he was incarcerated, including by submitting requests under the Freedom of Information Law to the New York Attorney General. Meanwhile, two of the New Jersey police officers who were injured during the pursuit brought a lawsuit against Gudanowski and Bergen Brookside Towing in New York state court. On October 26, 2018, counsel for the Bergen Brookside defendants, Alison Wasserman, sent Gudanowski's attorney the records that her office had subpoenaed from the New York State Police. These records included

3

post-arrest statements from five New York state troopers—Troopers Burrell, Maxwell, Madera, Bukovinsky, and Payne, the defendants-appellees in this case—describing their roles in the arrest and generally denying that they used excessive force. When he was deposed in the state court action by Wasserman on October 23, 2019, Gudanowski acknowledged that he had received the post-arrest statements and referred to information contained therein.

On December 28, 2019, Gudanowski—who was incarcerated and proceeding *pro se* at the time—filed his original complaint. The original complaint did not identify any defendants by name, instead referring to eight defendants as "John Doe, N.Y. State Trooper" and two defendants as "John Doe, East Rutherford, N.J., Police Officer." *Id.* at 224. Gudanowski claims that he named John Doe defendants rather than the officers who gave the post-arrest statements "because he was told by a prison law librarian that he could be subject to significant sanctions if he accused individuals of wrongdoing without being certain of their culpability." Appellant's Br. 2. Gudanowski explains that "[b]ecause [the five officers] each denied using excessive force in their reports, and [Gudanowski] was otherwise unaware of the identities of the officers who used the excessive force, he mistakenly heeded the librarian's advice." *Id.* at 2-3. On October 12, 2020, after retaining counsel, Gudanowski filed the SAC, which named as defendants Troopers Burrell, Maxwell, Madera, Bukovinsky, and Payne, as well as two New Jersey police officers who were later dismissed from the action by stipulation of the parties.

On April 24, 2023, the district court granted the defendants' motion for summary judgment on the ground that the SAC did not relate back to the original complaint under Federal Rule of Civil Procedure 15(c)(1)(A) or (C) and was therefore untimely. This appeal followed.

## II

"We review an award of summary judgment, including on the basis of an affirmative defense such as the statute of limitations, *de novo*, construing the

4

evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences and resolving all ambiguities in his favor." *Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73, 78 (2d Cir. 2019) (internal quotation marks, alteration, and footnote omitted). A district court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## III

Gudanowski's § 1983 claim is subject to a three-year statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 250 (1989) ("[C]ourts considering § 1983 claims should borrow the general or residual statute for personal injury actions."); N.Y. C.P.L.R. § 214 (providing a three-year statute of limitations for personal injury actions). Gudanowski was arrested on January 2, 2017, so he had until January 2, 2020, to bring his action. The SAC, which was the first pleading to identify the defendants by name, was filed on October 12, 2020. Therefore, the SAC was untimely unless it related back to the original complaint, which was filed on December 28, 2019.

## A

Federal Rule of Civil Procedure 15(c) provides two different grounds for relation back. First, under Rule 15(c)(1)(A), "[a]n amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). The parties agree that New York law provides the applicable statute of limitations and that the relevant provision of New York law regarding relation back is § 1024 of the Civil Practice Law and Rules, which provides that

> [a] party who is ignorant … of the name or identity of a person who may properly be made a party, may proceed against such person as

an unknown party by designating so much of his name and identity as is known. If the name … becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024. "New York courts have interpreted this section to permit John Doe substitutions *nunc pro tunc*." *Hogan v. Fischer*, 738 F.3d 509, 518-19 (2d Cir. 2013). However, to take advantage of § 1024, a plaintiff "must show that the persons named as unknown were actually unknown." *Luckern v. Lyonsdale Energy Ltd. P'ship*, 229 A.D.2d 249, 253 (4th Dep't 1997); *accord Brook v. Peconic Bay Med. Ctr.*, 172 A.D.3d 468, 469 (1st Dep't 2019) ("The procedural device set forth at CPLR 1024 is … inapplicable because plaintiff was aware of [the John Doe defendants'] identities long before he sought to amend the complaint to add them as defendants."); *Zhang v. City of New York*, No. 17-CV-5415, 2022 WL 17844361, at *4 (S.D.N.Y. Dec. 22, 2022) ("A plaintiff 'cannot avail himself of the benefits of § 1024 where it is clear that he had the names [of the defendants] … before the statute of limitations had run.'") (quoting *Boston v. Suffolk County*, 326 F. Supp. 3d 1, 13 (E.D.N.Y. 2018)).

The district court found—and Gudanowski does not dispute on appeal— that he received copies of the defendants-appellees' post-arrest statements no later than December 18, 2018, more than a year before he filed the original complaint. Gudanowski's claim in this case is that an excessive use of force occurred when the officers pulled him out of the vehicle through the driver's side window and subdued him on the ground. The post-arrest statements from four of the five defendants—Troopers Burrell, Maxwell, Madera, and Bukovinsky—expressly state that these officers helped to pull Gudanowski out of the vehicle, subdue him on the ground, or both.[1] Thus, prior to filing the original complaint, Gudanowski

---

[1] According to his post-arrest statement, Trooper Payne observed but did not assist the other officers pulling Gudanowski out of the driver's side window of the tow truck and subduing him on the ground. Trooper Payne also rode in the ambulance with Gudanowski and stayed with him for some time at the hospital.

knew from the post-arrest statements that these officers were the ones who took the actions that, according to him, constituted an excessive use of force. He was thus not ignorant of their identities when he filed the original complaint and cannot take advantage of N.Y. C.P.L.R. § 1024 to relate the SAC back to its filing.

Gudanowski argues that he accepted at face value the defendants' statements denying the use of excessive force and that he used John Doe placeholders to attempt to sue *other*, unidentified officers who assaulted him. Even if we were to accept the premise of this argument—disregarding the fact that the statements made clear that the defendants were the officers involved in the incident—the argument still would fail. In § 1024, New York law authorizes the amendment of a John Doe complaint only when the identity of *the person the plaintiff intended to sue* becomes known. If Gudanowski originally intended to sue other officers, he would not be able to utilize § 1024 to amend his complaint to name Troopers Burrell, Maxwell, Madera, Bukovinsky, and Payne instead.

**B**

Second, under Rule 15(c)(1)(C), relation back is permitted when the party the plaintiff seeks to add to the complaint "received such notice of the action that it will not be prejudiced in defending on the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Gudanowski argued before the district court—and he argues again on appeal—that he "would have named the Defendants in his initial complaint but mistakenly relied on incorrect legal advice from a prison law librarian that he could be sanctioned even if he named the Defendants in good faith." Appellant's Br. 12. Relying on the opinion of the Supreme Court in *Krupski v. Costa Crociere S.p.A.*, he argues that this was a "mistake" within the scope of Rule 15(c)(1)(C). 560 U.S. 538, 548 (2010) ("A mistake is '[a]n error, misconception, or misunderstanding; an erroneous belief.'") (quoting Black's Law Dictionary 1092 (9th ed. 2009)).

We disagree. While Gudanowski may have made a mistake in relying on the prison law librarian's advice, that mistake was not one "concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Gudanowski knew that he wanted to sue the officers who pulled him from the truck and subdued him on the ground, and he knew from their post-arrest statements that Troopers Burrell, Maxwell, Madera, and Bukovinsky were those officers and that Trooper Payne was on the scene. He thus knew the identities of the parties he wished to sue. His mistake concerned the consequences of naming those parties in a complaint without being in possession of evidence that established their liability. The mistake did not concern "the proper party's identity" such that the rule would allow relation back. *Id.*

*       *       *

We have considered Gudanowski's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8