**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1338
_____

MICHAEL A. RIVERA,
                    Appellant

v.

NEW CASTLE COUNTY POLICE DEPARTMENT;
CORPORAL ANDREW ROSAIO; OFFICER JOSEPH
MIHALYI; SERGEANT BRADLEY LANDIS;
OFFICER KENNETH GUARINO; MASTER CORPORAL
SILVIO MARTIN
_____

On Appeal from the United States District Court
for the District of Delaware
(District Court No. 1:20-cv-01758)
District Judge:  Honorable Gregory B. Williams
_____

Argued on July 7, 2025
_____

Before:  RESTREPO, BIBAS, and CHUNG, <u>Circuit Judges</u>

(Filed: August 19, 2025)

Sophie Davish
Forrest Lovett
Will W. Sachse
Dechert
2929 Arch Street
18th Floor, Cira Centre
Philadelphia, PA 19104

William Rider **[ARGUED]**
University of Pennsylvania
Penn Carey Law
3501 Sansom Street
Philadelphia, PA 19104

Counsel for Appellant

Daniel A. Griffith **[ARGUED]**
Whiteford Taylor & Preston
600 N King Street, Suite 300
Wilmington, DE 19801

Counsel for Appellee

_____

OPINION OF THE COURT
_____

CHUNG, Circuit Judge.

Michael Rivera filed a complaint against the New Castle County Police Department ("NCCPD") and several

John Doe officers. The John Does were later identified ("Officer Defendants") and Rivera added them in an amended complaint. The District Court granted the Officer Defendants' motion to dismiss, determining that the amended complaint was untimely and did not relate back to Rivera's original complaint under Fed. R. Civ. P. 15(c). Because the District Court did not apply the correct standard in determining whether the amendment related back, we will vacate and remand.

I.     BACKGROUND

On December 23, 2020, Rivera filed a complaint against "New [C]astle [C]ounty PD, officers, Detectives, Turnkey officers Doe." Dist. Ct. Dkt. No. 2 at 1. Rivera alleged that the police officers violated his constitutional rights during a traffic stop and subsequent search. Because Rivera was a prisoner proceeding in forma pauperis, the District Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). The District Court found that Rivera appeared to allege "cognizable Fourth Amendment and excessive force claims against the Doe Defendants[,]" but that the claim against the NCCPD was "legally frivolous[.]" Dist. Ct. Dkt. No. 9 at 5. The District Court therefore dismissed the claim against the NCCPD but in "the interests of justice" directed service against the NCCPD solely to identify the Doe Defendants. Id.

The NCCPD responded to that order on November 12, 2021, identifying the Doe Defendants as Corporal Andrew Rosaio, Officer Joseph Mihalyi, Sergeant Bradley Landis, Officer Kenneth Guarino, and Master Corporal Silvio Martin. The NCCPD also filed four documents: a complaint Rivera

3

filed with the NCCPD the day after his arrest identifying Officer Mihalyi (spelled "Mahalley"), Master Corporal Martin, and an unknown individual as participating in his arrest; two undated Exoneration Letters from the NCCPD which identified Rosaio as the unknown individual and also named Officers Martin and Master Corporal Mihalyi; and the transcript of the preliminary hearing in Rivera's state court criminal proceedings, in which Sergeant Landis and Officer Guarino (spelled "Quarino") were identified.

Rivera moved to amend the case caption to add the Officer Defendants on December 6, 2021. On December 28, 2021, the District Court granted Rivera's motion and directed service on the Officer Defendants. The Officer Defendants moved to dismiss the claim on March 22, 2022, arguing that the complaint was untimely because amending the complaint to add the Officer Defendants did not "relate back" to the filing date of the original complaint.[1] Dist. Ct. Dkt. No. 34 at 17-21. In so moving, the Officer Defendants asked the District Court to take judicial notice of the four documents filed by the NCCPD. They argued that these documents established that Rivera knew their names when he filed his original complaint and made no mistake when he chose not to name them as defendants. They argued that accordingly, Rivera's amended complaint did not relate back to the original under Rule 15(c).

The District Court granted the motion to dismiss, concluding that the amended complaint was untimely because

---

[1] The parties agree that Rivera filed his initial complaint within the two-year statute of limitations. Opening Br. at 3; Response Br. at 2.

Rivera "indisputably knew" the names of the Officer Defendants when he filed his original complaint. Dist. Ct. Dkt. Nos. 42 at 8. It thus concluded that the amended complaint did not relate back under Rule 15(c). Id. Rivera filed a motion to reconsider, which the District Court denied. Rivera timely appealed.

II. DISCUSSION[2]

Rule 15(c) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 541 (2010). Under Rule 15, a plaintiff may change the name of the party against whom claims are asserted only if (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading;" and (2) within the ninety-day time period for serving a defendant after a complaint is filed provided by Rule 4(m), "the party to be brought in by amendment ... received such notice of the action that it will not be prejudiced in defending on the merits and ... knew or should have known that the action would have been

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291. "We review a district court's decision granting a motion to dismiss under a plenary standard," including "a district court's interpretation and application of Rule 15(c), and the dismissal of a claim based on the statute of limitations." Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009); Glover v. Fed. Deposit Ins. Corp., 698 F.3d 139, 144 (3d Cir. 2012) (internal citation omitted).

brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c). In Krupski, the Supreme Court addressed Rule 15(c)(1)(C)(ii)'s requirement that "the party to be brought in by amendment … knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." 560 U.S. at 541 (alteration in original) (quoting Fed. R. Civ. P. 15(c)(1)(C)). The Court specified that "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." Id. at 548 (emphasis in original).

The District Court did not follow Krupski. Instead, the District Court took judicial notice of Rivera's complaint to the NCCPD, the exoneration letters, and the preliminary hearing transcript to conclude that "Plaintiff indisputably knew the identities of Defendants when he filed the Complaint and, therefore, the amendment inserting them in place of the John Does did not relate back to the Complaint[.]" Dist. Ct. Dkt. No. 42 at 8.[3] But focusing on Rivera's knowledge was improper, as "the question under Rule 15(c)(1)(C)(ii) is what the [Officer Defendants]" knew or should have known in light of Rivera's mistake. Krupski, 560 U.S. at 553-54. This error was not harmless as the Officer Defendants had actual knowledge that they were being sued, despite Rivera's original

---

[3] The parties agree that the other requirements of Rule 15(c) are met.

6

mistake in failing to name them, in the requisite period.[4]  This is evident from the fact that counsel entered an appearance on their behalf on March 3, 2022, within the ninety-day Rule 4(m) period.[5]  Given their knowledge, under a straightforward application of Rule 15(c) and Krupski, the amended complaint does relate back to the original and was timely filed.

In the alternative, in considering Rivera's knowledge, the District Court may have been determining whether Rivera made a mistake, pursuant to the second clause of Rule 15(c). Fed. R. Civ. P. 15(c)(1)(C)(ii) (an amended complaint relates

[4]  Thus, even if the District Court were considering Rivera's knowledge to resolve whether the Officer Defendants knew or should have reasonably known that they were the proper defendants but for Rivera's mistake (which is not clear from the opinion), we would still vacate.

[5]  In this case, the Rule 4(m) period began to run on December 28, 2021, since that was when the court finished screening Rivera's complaint and ordered service of the amended complaint on the Officer Defendants.  The parties do not dispute the District Court's conclusion that the ninety-day period under Rule 4(m) thus concluded on March 27, 2022. See Rivera Br. at 12; Tr. at 14:47-15:03 ("[W]e don't dispute [the District Court's] finding" of notice to the defendants); Urrutia v. Harrisburg Cnty. Police Dep't, 91 F.3d 451, 453-54 (3d Cir. 1996) (noting that the time period for relation back of an amended complaint is suspended while a court screens a complaint, but that when the court orders service of the amended complaint, the suspension ends and the Rule 4(m) period begins to run); Dist. Ct. Dkt. No. 17.

back to the original, when among other things, there was "a mistake concerning the proper party's identity."). We have previously held that, for purposes of Rule 15, a plaintiff's ignorance of a defendant's identity is a mistake. Singletary v. Pa. Dep't. of Corr., 266 F.3d 186, 201 (3d Cir. 2001). Here, Rivera stated in his original and amended complaint that "multiple defendants" had "yet to be identified" and that he was "in the process of requesting" more information. Dist. Ct. Dkt. Nos. 2 at 1, 8 at 1. The Officer Defendants contested this in their motion to dismiss by offering the four documents filed by the NCCPD and arguing that Rivera had actual knowledge of their names yet did not name them. [6] In that case, knowledge would be relevant to determining whether or not Rivera did make a mistake.

At best, the four documents offered by the Officer Defendants created a factual dispute regarding Rivera's knowledge of their identities, establishing that Rivera had knowledge of their identities at the time the documents were created. The District Court imputed that knowledge to Rivera at the time he filed his original complaint, despite the fact that approximately two years had elapsed, Rivera was incarcerated at that time, and he stated in both his complaint and a supplement to his complaint that he did not know the Officer Defendants' names. In other words, the District Court made an inference in a light less favorable to Rivera.

---

[6]    In Krupski, the Supreme Court suggested, as have we, that a mistake is not committed when a plaintiff knows a defendant's identity and strategically chooses not to name that person. Krupski, 560 U.S. at 549. We need not decide that here.

8

The District Court improperly resolved this factual dispute in granting the motion to dismiss as untimely. "In this circuit … we permit a limitations defense to be raised by a motion under Rule 12(b)(6) only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations. However, if the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotations, citations, and brackets omitted). Despite the fact that Rivera plainly stated in his complaint that he did not know the Officer Defendants' identities, the District Court found that "Plaintiff indisputably knew the identities of Defendants when he filed the Complaint[.]" Dist. Ct. Dkt. No. 42 at 8. At the motion to dismiss stage, the District Court was obligated to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). This is so even when facts in judicially noticed documents conflict with those in the complaint. Doe v. Princeton Univ., 30 F.4th 335, 342 (3d Cir. 2022) ("When the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail.").[7]

---

[7] We note that, while knowledge may have been relevant to the mistake alleged here, it would not necessarily have been dispositive. Under Krupski, a plaintiff may have full knowledge of a defendant's identity and yet still mistakenly

9

III.    CONCLUSION

For the foregoing reasons, we will vacate and remand the District Court's order denying the motion for reconsideration of the motion to dismiss for proceedings consistent with this opinion.

---

fail to name the defendant.  Krupski, 560 U.S. at 549, 554-55 (determining that knowing the identity of the defendant, but misunderstanding the role the defendant played "in the events giving rise to the claim at issue" is "clearly a mistake concerning the proper party's identity." (internal quotations omitted)).

10